### E. HAWES ET AL V. EMMA J. NICHOLAS.

#### No. 2590.

1. **Will.**—A testamentary instrument does not cease to be a will when acknowledged or proved for record and recorded as a deed.

2. **The Destruction of a Duly Executed Will** containing an express revocation of a former will does not have the effect of reviving the former will.

APPEAL from Calhoun. Tried below before Hon. H. C. Pleasants.

This was an application by Miss Emma J. Nicholas, appellee, to probate an instrument dated in 1873, which she alleged to be the last will of H. W. Hawes, deceased, filed in the County Court of Calhoun County. The widow and children filed an answer contesting her application on the grounds—first, that decedent died intestate; second, that decedent made and executed with the solemnities and formalities required by law another will in 1879, in which he expressly revoked all other wills theretofore made by him, and after keeping the same for several years as his last will destroyed the same and died intestate.

The applicant filed demurrers general and special to said answer, which were sustained by the County Court and the will admitted by the County Court to probate, and the contestants, appellants herein, appealed to the District Court. In the District Court the same judgment was rendered sustaining the demurrers of the applicant to contestants' answer and admitting the will to probate. The contestants appealed.

*E. Hawes,* for appellants.—The destruction by a testator of his last will without any circumstances or facts to show that he intended to revive a former will which was revoked by his last will leaves the decedent intestate. 2 Greenl. on Ev., art. 683; 4 Kent Com., 531, and cases there cited; 1 Jarm. on Wills, 122-3, and notes citing cases. By Stat. 1 Vic. C., 26, sec. 22, no will once revoked can be revived otherwise than by a re-execution thereof. 3 Curt., 432; 1 Redf. on Wills, p. 376, sec. 17;

Lively v. Harwell, 29 Ga., 509; Minor v. Gutherie (Ky.), 4 S. W. Rep., 179; Scott v. Fink (Mich.), 7 N. W. Rep., 799; Williams v. Williams (Mass.), 8 N. E. Rep., 424; McClure's Extrx. v. McClure (Tenn.), 6 S. W. Rep., 44.

*Glass, Callander & Proctor,* for appellee.—1.   The general rule seems to be firmly established from an early day that a later will revoked will not prevent an earlier and inconsistent one from remaining in force, and it makes no difference whether the later will contained an express clause of revocation or not.   The intimation therefore that a will containing an express clause of revocation is effective to annul a former will, even before the death of the testator, is without foundation, since no part of a will can become operative before the death of the testator.   1 Redf. on Wills, pp. 308–9, par. 12, from which this proposition is copied, and which cites Goodright v. Glazier, 4 Burr., 2512; Harwood v. Goodright, 1 Cowp., 87, 92; 1 Jarm., 128 and notes.   See also Marsh v. Marsh, 3 Jones Law Rep., 77 (rereported, 64 Am. Dec., 598); Linginfetter v. Linginfetter, Hard. Ky. Rep., 119; Flintham v. Bradford, 10 Pa. St., 82; Taylor v. Taylor, 2 Nott & McC., 482; Randall v. Beatty, 31 N. J., 643; Colvin v. Warford, 20 Md., 357; Peck's Appeal, 50 Conn., 562; Rudy v. Ulrich, 69 Pa. St., 177.

2.   The Revised Statutes prescribe the several modes by which a will may be revoked, and among them is "by a subsequent will." But a will is operative only at the death of the testator; and if the "subsequent will" is not in existence at the testator's death because he has destroyed it for the purpose of revoking it, then the "subsequent will" is in legal contemplation no will at all and can have no effect whatever upon a previous will which the testator left in existence.

3.   The "subsequent will" which supersedes and annuls a previous will must be a will that is in existence at the testator's death and which is produced or proved and admitted to probate, without which is has no effect for any purpose.   Peck's Appeal, 50 Conn., 562; Laughton v. Atkins, 1 Pick., 535.

4.   The will of 1879 was not intended to revoke the instrument of 1873, which was admitted to probate as a will by the court below. That will recognized the instrument of 1873 and directed that it be carried into effect, but under restrictions which would have delayed the execution of part of its provisions and might possibly have diminished the benefits which the grantees in that instrument would have received.

5.   If the will of 1879 had been in existence at the testator's death and had been probated it would not have annulled the will of 1873 in form of a deed, but the latter would have been construed as part of the will or both would have been entitled to probate and the will of 1879 would have revoked or changed the instrument of 1873 only so far as it

was inconsistent with it.   Woodall v. Rudd, 41 Texas, 375, 380–381; 1 Jarm. on Wills, 5 Amer. Ed., p. 339, note 58; Brant v. Wilson, 8 Cowen, 56; Bartholomew's Appeal, 75 Pa. St., 169; Peters v. Peters, 4 Mc-Cord, 151.

HENRY, ASSOCIATE JUSTICE.—In the year 1873 H. W. Hawes executed a will by which he devised specified portions of his estate to one of his sons and his granddaughter Emma J. Nichols.

This paper was styled a deed, and shortly after its execution was acknowledged by the maker and recorded as a deed by the county clerk of Calhoun County.  The instrument remained in the custody of one of the devisees and was produced by him after the death of the maker.

In the year 1879 the said H. W. Hawes executed another will in which he expressly revoked all prior wills, and which was inconsistent in some material respects with the will of 1873.

In 1883 the testator destroyed the will of 1879 by tearing and burning it.   He died in the year 1883.   In the year 1887 appellee Emma J. Nichols filed in the County Court of Calhoun County an application to probate the will of 1873, which she produced and proved.   This application was opposed by the widow and a number of the children of the deceased H. W. Hawes.

The contestants plead as reasons why the will of 1873 should not be admitted to probate the execution and subsequent destruction of the will of 1879.   The case was tried in the County Court and appealed to the District Court.

In the District Court exceptions to the answer of contestants were sustained and the will of 1873 upon proper proof of its execution being produced was admitted to probate.   The contestants offered but were not permitted to. prove the execution as required by law of the will of 1879 containing a clause expressly revoking all previous wills, and provisions inconsistent with the will of 1873, and the subsequent destruction by tearing and burning of the will of 1879.

The contestants appeal and assign as error that "the court erred in sustaining the exceptions of applicant to contestants' answer, and in holding that the destruction by the decedent of the will of 1879 in 1883 had the effect of reviving the will of 1873."

The question as to whether and under what circumstances the destruction of a subsequent will will revive a prior one has been much discussed. The authorities are conflicting.   In 4 Kent's Commentaries, p. 532, it is said:   "If the first will be not actually canceled or destroyed or expressly revoked on making a second and the second will be afterwards canceled the first will is said to be revived.   But the first will is not revived if the testator makes a second and actually cancels the first by an

absolute act rendering it void and then cancels the second will. It will require in such case a republication to restore the first will."

The attorneys for appellee quote in their brief the following language from Redfield on Wills: "The general rule seems to be firmly established from an early day that a later will revoked will not prevent an earlier and inconsistent one from remaining in force. And it makes no difference whether the later will contained an express clause of revocation or not." Vol. 1, pp. 308, 309. But further on the same author says:. "It seems to have been regarded as an unsettled question in the English courts, both in Westminster Hall and Doctors Commons, whether the cancellation of a later revoking will would have the effect to revive the former will thus revoked. The result of the most careful examination of the cases leaves the question in a state of perplexing uncertainty. The most we can say is that it depends upon circumstances, and that extrinsic evidence is admissible in regard to the intention of the testator was freely admitted before the late statute which required some positive act of revival." Ib., 309, 310.

The question is discussed in the case of Colvin v. Warford, 20 Md., 391, and there it is said: "The authorities undoubtedly establish the principle that an unconditional revocation is not essentially testamentary in its nature, and like the will containing it liable to vary with the testamentary purpose, but a positive, consummated act, producing an immediate and conclusive effect. The principle established in the Ecclesiastical Courts of England is, that the cancelling of a will containing an express revocation of a previous will does not necessarily revive the revoked will, although the presumption of an intention on the part of the testator to revive the previous will may be raised by his destruction of the revoking will."

In the case of James v. Marvin, 3 Conn., 577, Chief Justice Hosmer says: "An express revocation is a positive act of the party which operates by its own proper force, without being at all dependent on the consummation of the will in which it is found, and absolutely annuls all precedent devises. It is because an express revocation is a positive act of the party, independent of the will which may happen to contain it,. and operating instantaneously and per se.

"As a clear consequence resulting from this principle all prior wills are recalled or reversed—the proper meaning of the word, revoked—and must remain in this condition until revived by republication. A deed of revocation, separate from a will, has the effect of annulling a prior will instantaneously, and the operation is the same whether the revoking clause be in deed or will, for it is never a necessary part of the latter."

In the case of Peck's Appeal, 50 Conn., 563, it appears that Lucy Peck made one will in 1875 and in 1880 made another inconsistent with the first. She died not long afterwards. The last will was never found but

the first one was.    The new will did not expressly revoke the first one. The court held that "Prior to 1821 any will might be revoked in writing, and it was not necessary that the writing should be executed with every particular formality.

"It was then held that a revocation contained in another will was not ambulatory but took effect immediately, and that the will revoked could not be revived without a republication.

"In 1821 a statute enacted that 'No devise of real estate shall be revoked otherwise than by burning  *  *  *  or by some other will or codicil in writing.'    That section required that a written revocation should be in another will.    The statute changes the aspect of the question.    Before the statute any written declaration to that effect revoked a will irrespective of any statute and without regard to the death of the testator.    Now the statute requires that the writing in order to have that effect must itself be a will or a codicil and executed with all the formalities required for such instruments."

In our State a statute prescribes the method of revoking a will to be "By a subsequent will, codicil, or *declaration in writing* executed with like formalities,  *  *  *  or by the testator destroying, canceling, or obliterating the same, or causing it to be done in his presence."    Rev. Stat., art. 4861.

A written declaration properly executed as effectually revokes a will from the date of its execution as does its destruction.    If the purpose to revoke is sufficiently expressed and the writing is properly executed it can not be controlled or limited by the name given the instrument, or by its containing other provisions.

If the will of 1879 was properly executed as a will and contained a clause expressly revoking the will of 1873 we do not think that the subsequent destruction of the will of 1879 had the effect of reviving the will of 1873.

We think there was error in sustaining exceptions to the answer of contestants, and that for this cause the case must be reversed.

*Reversed and remanded.*

Opinion January 22, 1889.