CATHARINE SHAW *et al.*

*v.*

NORMAN H. CAMP.

*Filed at Springfield November 10, 1896.*

1. WILLS—*circuit court has jurisdiction to restore a sheet rejected by probate court.* The circuit court, upon a cross-bill filed for that purpose in a will contest, may, by decree, re-instate a sheet of the will which the probate court had refused to admit to probate on the ground that it was no part of the will.

2. SAME—*codicil makes sheet previously attached part of will.* A sheet of writing, unsigned and unattested, making an additional bequest, which was attached by a testator to his will after its execution, is made effective as part of such will by a subsequent codicil attached thereto, duly executed and attested, which published the whole writing as the testator's will.

3. EVIDENCE—*what was attached to will when codicil was added may be shown by parol.* The condition a will was in, as regards attached papers, at the time of the execution of a codicil, and the intention of the testator as to what should constitute his will, may be shown by parol.

*Shaw* v. *Camp,* 61 Ill. App. 68, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Piatt county; the Hon. EDWARD P. VAIL, Judge, presiding.

On July 23, 1888, Edward Swaney, of Piatt county, wrote and signed his last will, which was duly attested under the provisions of section 2 of our Statute of Wills. Afterwards he wrote an addition thereto, which is designated in this litigation as "Sheet B," which was neither

dated, signed nor witnessed, but was attached to the orig-
inal will.   On January 10, 1891, he executed a codicil to
his will, which was properly witnessed.   About ten days
prior to his death he gave William M. Camp, the execu-
tor named in the will, a sealed envelope, saying, "That is
my will—take charge of it."   Camp wrote across the end
of the envelope, "To be opened at Dr. Swaney's death,"
and placed it in his safe-deposit box in a bank.   On the
evening after the burial of the deceased the envelope
was taken from the bank to his house, and there, in the
presence of relatives of the deceased, opened, and found
to consist of the parts above mentioned, all fastened
together.   The executor read it aloud twice to those pres-
ent, and while doing so the second time "Sheet B" became
detached.

The county court of Piatt county admitted to probate
the will as originally written, and the codicil, but refused
to recognize "Sheet B" as any part of the instrument.
Thereafter the heirs of the testator filed their bill in
chancery, under section 7 of the Statute of Wills, in the
circuit court of that county, to contest the will, on the
ground of mental incapacity, making all parties· inter-
ested under the original will and codicil, and also Norman
H. Camp, the beneficiary under "Sheet B," defendants, and
alleging that the said sheet was not admitted to probate
and was no part of the will.   Norman H. Camp, having
answered, filed his cross-bill, averring the validity of
the bequest to him under that part of the will and pray-
ing affirmative relief in that regard.   To this cross-bill a
demurrer was sustained, and the issue formed by the bill,
answers and replications was tried by a jury, resulting
in a finding that the original will was the last will of
the deceased, and that neither "Sheet B" nor the codicil
was a valid part thereof.   On that trial Norman H. Camp
offered the testimony of the executor, William M. Camp,
to the effect that in December prior to his death deceased
called his attention to "Sheet B" as part of the will,

163—10

which, with the codicil, (then unexecuted,) was attached
to the original will.   This evidence was rejected.   On
appeal to the Appellate Court for error in holding this
testimony incompetent, and because the verdict of the
jury as to the validity of the codicil was contrary to the
weight of the evidence, the finding below was reversed
and the cause remanded.   Thereupon complainants, by
leave of court, struck out of their bill all averments as
to "Sheet B," and moved to dismiss the same as to Nor-
man H. Camp, but the motion was denied.   They then
demurred to the cross-bill of said Camp, in which he
alleged the validity of said sheet, which demurrer was
overruled and answers filed.   On the issue then joined
as well as that on the original bill the cause was again
submitted to a jury, and a verdict returned substantially
like the first, which the court set aside.   A third trial
resulted in a finding sustaining the original will and
"Sheet B," also sustaining the codicil, but finding that
Curtis Camp and wife should take nothing thereunder
because of changes made therein by them.   On this find-
ing the court entered its decree, and to reverse so much
thereof as sustained "Sheet B" complainants prosecuted
their appeal to the Appellate Court, and this is an appeal
from a judgment of affirmance in that court.

S. R. REED, BUCKINGHAM & SCHROLL, and WILLIAM
E. LODGE, for appellants.

HENRY G. MILLER, and NORMAN H. CAMP, for ap-
pellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted that the Piatt circuit court had no
jurisdiction to pass upon the validity of "Sheet B," be-
cause it had never been admitted to probate.   The argu-
ment is, that under our statute only probated wills can
be contested in chancery.   In our view of the case the
question thus stated is not properly presented for deci-

sion. The will· of Edward Swaney was probated. He made but one will, which consisted of certain parts. That will was admitted to probate, but the county court rejected a part of it as not being duly executed. Within three years after such probate the beneficiary under the clause or sheet stricken out filed his cross-bill, in which he alleged, in effect, that the will as probated was not the will of the testator,—that his will was not expressed in two parts, but in three. The case is not distinguishable, in principle, from that of *Wolf* v. *Bollinger*, 62 Ill. 368. There, after the execution of his will, Jacob Bizer attempted to substitute Wolf for Bollinger as his devisee, without having the instrument re-attested or re-published, and the will so altered was admitted to probate. Bollinger filed her bill, "alleging that the instrument in writing, so altered and admitted to probate, was not the last will and testament of Jacob Bizer, but that said instrument in writing, as originally drawn up and executed, without said alteration, was his true last will, and prayed that the instrument in writing as admitted to probate be declared null and void, and that the instrument as originally drawn up and executed be established as the true will of the testator, and that his estate be distributed among the devisees therein according to its provisions." From a decree granting the relief Wolf appealed, and insisted, as is done here, that the circuit court had no jurisdiction of the case stated, but it was held otherwise. The appellant in that case contended that, in a proceeding to contest a will in chancery, under the statute the court could only determine whether the instrument as probated was the will of the testator or not, and had no power to establish the instrument as originally executed as the true will, but the contention was overruled.

As said in the opinion of the Appellate Court, and shown by the decisions there cited, the question here is, what was the will? If, under the evidence, "Sheet B"

was legally a part of the will, we think it clear that the circuit court had jurisdiction to grant the relief prayed in the cross-bill by establishing the whole instrument as the last will and testament of the deceased. The authorities fully sustain the position that if "Sheet B" was attached to the original will at the time the codicil was signed and attested, the execution of the codicil operated as a publication of it, and a re-publication of the whole will as it then existed. Also, that the condition of the instrument at that time, and what the testator's intention was as to what should constitute his will, might properly be shown by parol. *Burye* v. *Hamilton*, 72 Ga. 568; *Beall* v. *Cunningham*, 3 B. Mon. 390; *Vancortland* v. *Kip*, 1 Hill, 590; *Mooers* v. *White*, 6 Johns. Ch. 360; 1 Redfield on Wills, 288.

The jury were justified by the evidence in finding that the testator wrote and attached "Sheet B" to the original prior to the execution of the codicil. That being so, the reference by the codicil to the will was also a reference to that sheet. That the three parts were fastened together when he delivered the will to his executor, and that this sheet became detached by accident while it was being read and examined, soon after the testator's death, can only be doubted upon the hypothesis that William M. Camp and other witnesses have sworn falsely, and of that there is no proof. We find no sufficient reason for holding contrary to the courts below. The true will of deceased included "Sheet B," and the circuit court properly exercised its jurisdiction in establishing it as such.

This disposes of the substantial objections to the rulings of the trial court in giving and refusing instructions. There is no reversible error in that regard.

Other grounds of reversal have been considered. They do not go to the merits of the cause before us, and are, in our opinion, without force.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*