HARRIET M. MEINEKE ET AL. v. W. L. EDMUNDSON ET AL.

Decided November, 13, 1903.

**Limitation—Coverture—Pleading.**
Evidence of coverture will not be considered when the coverture of the wife has not been pleaded in avoidance of the plea of limitation set up against her.

Appeal from the District Court of Brazoria. Tried below before Hon. Wells Thompson.

*George H. Breaker,* for appellants.

*L. R. Bryan* and *Searcy & Garrett,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by Harriet M. Meineke and her husband Theodore Meincke, Mary H. Charwane and her husband Martin Charwane, and G. H. Herman, against W. L. Edmundson, Ada H. Edmundson and her husband J. W. Edmundson, and John Carlisle, for the recovery of an undivided one-half of 320 acres of land originally granted to W H. Snyder in Brazoria County. The defendant John Carlisle was not made a party by the original petition which was filed March 25, 1901, but was first brought into the case by the amended original petition upon which it went to trial filed February 11, 1903. The defendants pleaded not guilty, improvements in good faith and the statutes of five and ten years limitation; no plea of coverture was filed in replication; and the case having been submitted to the court without a jury there was judgment generally in favor of the defendants, and upon his plea in reconvention, in favor of the defendant John Carlisle for the recovery of the land. The plaintiffs have appealed.

The plaintiffs showed title to the land sued for and were entitled to recover unless defeated by the defense of five years limitation. The defendants had had and held open and adverse possession of the land under deeds duly recorded paying taxes thereon continuously from July 23, 1891, until the suit was filed and until Carlisle was brought in. The plaintiffs, Harriet Meineke and Mary Charwane, were married women during all of said time. The defendant Carlisle purchased said land from the defendant W. L. Edmundson, April 9, 1901, before the said Edmundson had been served with process, without actual notice of the pendency of the suit or of any adverse claim. The land had been conveyed to W. L. Edmundson by the said Ada Edmundson and her husband before the suit was filed. The defendants were purchasers in good faith and had put valuable improvements on the land worth $6100. Coverture as a defense to the statute of limitations did not cease to be the law until one year from and after the passage of the Act of April 1, 1895, amending Revised Statutes, article 3201, and it is insisted by the plaintiffs that six years did not elapse between the passage of the act·

and the institution of the suit and the service of citation on W. L. Edmundson. On the other hand, it is contended that, as Carlisle bought before service of process on W. L. Edmundson, and was not a party to the suit until the filing of the amended original petition and his appearance therein, he was not a purchaser lis pendens, and that limitation which began to run on the passage of the act was not suspended as to him until after the bar was complete. In view of the fact that coverture was not pleaded by the plaintiffs in reply to the defense of limitation it is unnecessary to consider other questions that might arise. Coverture not having been pleaded, evidence showing it will not be considered. Harvey v. Cummings, 68 Texas, 607. The judgment will be affirmed.

*Affirmed.*

Writ of error refused.