**STEPHENS et al. v. LEATHERWOOD et al. (No. 524.)**

Court of Civil Appeals of Texas. Waco. April 28, 1927.

1. Wills ⬮427—Probate involves judicial determination that writing is testator's will as executed and published or partially revoked by him.

Probate of written will involves judicial determination that writing, as filed and exhibited, is testator's will as executed and published by him or as modified by him by valid partial revocation.

2. Wills ⬮173—Will without erasures or interlineations on face ordinarily speaks for itself on issue of modification, but presence thereof presents issue as to their effect.

When there are no erasures or interlineations on face of will, it ordinarily speaks for itself on issue of modification, and no specific evidence is required, but presence of such erasures or interlineations presents issue as to their effect.

3. Wills ⬮174—Cancellation or obliteration of devises does not revoke or invalidate will as whole (Rev. St. 1925, art. 8285).

Testator does not revoke nor invalidate will as whole by exercising right, under Rev. St. 1925, art. 8285, to revoke any clause or devise by destroying, canceling, or obliterating it, but merely revokes devises so canceled or obliterated.

4. Wills ⬮174, 176—Testatrix's obliteration of devisees' names does not prevent probate of altered will, but obliteration by another authorizes probate of will as originally executed.

Testatrix's obliteration or blotting out of certain devisees' names after execution and publication of will revokes devises, but does not destroy will nor prevent its probate in altered form, but such obliteration by another is mere spoliation, and probate court may probate will as originally executed and published.

5. Wills ⬮281—Prayer to set aside probate of will held to authorize correction or reformation of probate, if certain devisees' names were obliterated after testatrix's death.

Prayer that probate of will with certain devisees' names obliterated be set aside and held for naught *held* sufficient to entitle contestants to correction or reformation of probate, though not to relief prayed, if obliteration was done after testatrix's death.

6. Wills ⬮360—Petition for certiorari, praying probate of original will, held not to state new cause of action not asserted in probate court, wherein petitioners prayed that probate of altered will be set aside.

Petition for writ of certiorari, praying that judgment admitting will to probate be declared void and judgment entered probating will as originally executed and published with obliterated names of certain devisees restored, *held* not to state new cause of action not asserted nor litigated in probate court; relief sought being correction or reformation of original probate, to which petitioners were entitled under prayer in probate court to set aside probate.

7. Wills ⬮290—Burden was on contestants to show their right to probate of will as originally executed and published.

Burden was on will contestants, claiming that devisee's name was obliterated or blotted out after testatrix's death, to show their right to have will established and probated as originally executed and published.

8. Wills ⬮290—Testatrix is presumed to have obliterated devisees' names in her lifetime, when shown to have had custody of will.

Testatrix is presumed to have obliterated devisees' names from will in her lifetime for purpose of revoking devises when shown to have had custody of will, but not when will is shown to have been in another's custody.

9. Wills ⬮306—Probate of will as originally executed held not warranted, in absence of evidence of when or by whom devisees' names were obliterated.

Judgment, admitting will to probate with obliterated names of certain devisees restored, *held* not warranted, in absence of evidence as to when or by whom names were obliterated, who had custody of will during testatrix's lifetime, and its condition in such respect at time of her death.

10. Wills ⬮260—Evidence that women contesting will were married over 20 years before trial held not available to defeat limitation, in absence of answer to plea thereof (Rev. St. 1925, arts. 5534, 5535).

Evidence that daughters of devisee, whose name was alleged to have been obliterated from will after testatrix's death, were married over 20 years before trial of their contest, *held* not available, under Rev. St. 1925, art. 5535, to defeat 4-year statute of limitation (article 5534), in absence of answer to plea thereof.

11. Limitation of actions ⬮187—Evidence of coverture, not pleaded, is not available to defeat limitation.

Evidence of coverture, though introduced without objection, is not available to defeat limitation, unless coverture is duly pleaded.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by W. E. Leatherwood and others against Owen Stephens and others to contest the will of Mary E. Fogleman, deceased. From a judgment setting aside the original

⬮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

probate of the will, and admitting it to probate as modified, defendants appeal. Reversed and remanded.

Wynne & Wynne, of Kaufman, for appellants.

Ross Huffmaster, of Kaufman, for appellees.

GALLAGHER, C. J. This suit was instituted by W. E. Leatherwood and others, appellees herein, against Owen Stephens and others, appellants herein, in the county court of Kaufman county, Tex., to contest the validity of the will of Mary E. Fogleman, deceased, theretofore admitted to probate in said court and to set aside such probate. Appellees alleged that said Mrs. Fogleman executed a will in which she devised to her husband, Mason Fogleman, a life estate in all her property and to them an undivided one-seventh interest in her estate, subject to said life estate in her husband; that he caused said will to be probated and that he is now dead; that they had recently discovered that their names had been blotted out of said will before the same was filed for probate; that their names were so blotted out of said will long after the death of Mrs. Fogleman; that said instrument as probated was thereby made null and void; and they prayed that the probate of said will be canceled and set aside. Appellants denied all the allegations so made by appellees and alleged that the will so probated contained the terms and conditions provided by the said Mrs. Fogleman and was a valid and subsisting will at the time it was probated. A trial was had before the court and resulted in a judgment sustaining said will and the probate thereof.

Appellees applied to the district court for a writ of certiorari to review said proceeding. They set out in their application their pleadings so filed in the county court and the order of court thereon, and alleged that the testimony introduced at the trial of said contest showed that Mrs. Fogleman executed said will with all the formalities and solemnities required by law; that in said will so executed she devised a one-eighth interest in her estate to them; that said will as probated showed that ink had been poured over several words therein in such a way as to make it impossible to tell what words had been obliterated thereby; and that their names were so blotted out of said will. They charged that the judgment of the county court was erroneous in not awarding to them the relief sought in their petition in said court and in refusing to set aside the judgment admitting said will to probate without adjudging them entitled to an undivided one-eighth interest in the estate of said testatrix. They prayed for a trial de novo in the district court and that the order and judgment of the county court admitting said will to probate be declared void, that the district court enter an order and judgment establishing their rights in the estate of said Mrs. Fogleman, declaring them entitled to their interest therein as alleged, and ordering said will so probated, and for general relief. The writ of certiorari was granted and a transcript of the proceedings in the county court duly transmitted to and filed in the district court. Appellees, by an additional pleading, alleged that the will of Mrs. Fogleman when executed by her contained the name of Sallie Beavers and devised to her a one-eighth interest in the estate of the testatrix; that said Sallie Beavers was dead; that she died intestate and that there was no administration on her estate and no necessity for an administration thereon; that appellees were her children and only heirs at law. Appellants excepted to the application for certiorari in so far as it sought an order probating the will of Mrs. Fogleman as appellees contended same was executed and published by her, on the ground that appellees had not asked for such relief in the county court. Appellants also alleged in reply to said petition for certiorari that said will so probated in the county court was the last will and testament of said Mrs. Fogleman; that the same contained the terms and conditions provided by her; that any changes and obliterations made therein were made by her with intent to change her will; and that the same was properly admitted to probate in the form in which it was filed.

There was a trial to the court. The will of Mrs. Fogleman as probated was introduced in evidence and showed on its face that certain words or names had been obliterated by blotting with ink, leaving the names of Rebecca E. Phillips, Ida C. Stephens, Ella Jarvis, Lulu Pratt, and Hattie J. Clayton as the legatees therein, and devising the entire estate to them after the death of Mason Fogleman. Only one of the subscribing witnesses to said will was examined. He testified that Mrs. Fogleman declared such instrument to be her will and that he and two other witnesses signed the same as such at her request; that, at the time he signed the same in addition to the five names above enumerated as devisees in said will, Mrs. Beavers, Mrs. Martin, and Mrs. Beck were also named as devisees therein; that the names of said last three persons were not obliterated when he signed said will as a witness. Said witness further testified that he was called to testify at the original probate of said will; that he did not know whether any other witnesses testified on that occasion or not; that, if the will was changed, he did not know who changed it. The transcript from the county court showed that said witness testified at the probate of said will; that he identified the same at that time and testified that Mrs. Fogleman declared such instrument to be her last will and testa-

ment; and that he and two others signed the same at her request as subscribing witnesses. Said transcript did not show that any other evidence was submitted at that time. No further testimony on these issues was introduced. Appellees introduced testimony showing that three of them, Mrs. Leatherwood, Mrs. Hambleton, and A. M. Beavers, were the only lawful heirs of Mrs. Beavers. The court rendered a judgment setting aside the original probate of said will and admitting it to probate with the names of all of the original eight devisees as testified by said witness recited therein, and ordered said judgment certified to the county court for observance. Appellants present said judgment for review.

## Opinion.

[1-3] Appellants, by various propositions, complain of the judgment of the court on the ground that it is not supported by the pleadings. This contention is based on the fact that the only relief prayed for by appellees in the county court was that the probate of the will be set aside. Appellants claim that this prayer for specific relief cannot on certiorari be enlarged or changed so as to include the probate of said will as it was executed and published by Mrs. Fogleman. The probate of a written will involves a judicial determination that such writing as filed and exhibited is the will of the testator as it was executed and published by him or as modified by him by a valid partial revocation. When there are no erasures or interlineations appearing on the face of the instrument, it ordinarily speaks for itself on this issue and no specific evidence is required. When there are such erasures or interlineations on the face of the instrument as exhibited, an issue is presented as to the effect of the same. Since the only issue in this case is the apparent erasure or obliteration of certain words or names in the text of the will, we may dismiss the question of interlineations as foreign to such issue. Article 8285 of the Revised Statutes authorizes a testator to revoke any will or clause thereof or devise therein by destroying, canceling, or obliterating same. This statute authorizes what the law-writers term "partial revocation." The testator, by exercising such right, does not revoke nor invalidate his will as a whole, but merely revokes the devise or devises so canceled or obliterated. Schnable v. Henderson (Tex. Civ. App.) 152 S. W. 231, 232; 1 Page on Wills, p. 658 et seq. § 417; 28 R. C. L. p. 184 et seq. § 143; Id., pp. 178, 179, § 136. See, also, cases cited in paragraph 1 of note c, pp. 799–802, and subdivision II of the annotation on page 805 of 38 L. R. A. (N. S.).

[4-6] So in this case, if, after the execution and publication of her will, Mrs. Fogleman herself obliterated or blotted out the names of Mrs. Beavers and the other two devisees, who are not complaining and who are not parties to this proceeding, such action was effective to revoke said devises, but did not destroy her will nor prevent its probate in its altered form. On the other hand, if said names were so obliterated or blotted out by some other person, such action was a mere spoliation, and the probate court in the exercise of its jurisdiction could ascertain such fact and admit the will to probate as it originally executed and published. 1 Page on Wills, pp. 824, 825, §§ 502, 503. No such issue, so far as shown, was raised at the original probate of the will and it was admitted to probate in its altered form apparently without question. Appellees contested the validity of such probate, as they had a right to do. They alleged as a ground for such contest that such obliterating or blotting was done after the death of Mrs. Fogleman. Appellants in reply to such contest asserted that said will as probated contained the terms and conditions provided by Mrs. Fogleman and that the probate thereof was valid. These conflicting allegations formed the issues to be tried at the hearing of such contest. If appellants' contentions were sustained, the will should have stood as originally probated and the contest should have been denied. If appellees' contentions were sustained, the probate of said will should have been corrected or reformed so as to establish the language or terms of the same as they existed at the time the same was signed and published by Mrs. Fogleman. We do not think that the real issue before the county court was affected by the fact that the specific prayer of appellees was that the probate of said will be set aside and held for naught. They were not entitled to such relief. Appellants were also interested in said will and praying that the probate thereof be allowed to stand. Appellees' prayer was, however, sufficient to entitle them to the lesser relief of a correction or reformation of the probate of said will if the facts authorized the same. The issues were not changed by the petition for certiorari. They were only stated more specifically and accurately. The same issues were presented on the trial of the case in the district court. The relief sought by appellees there was called a probate of said will, but was in fact a correction or reformation of the original probate thereof, and was not a new cause of action not asserted nor litigated in the probate court. Shaw v. Camp, 163 Ill. 144, 45 N. E. 211, 36 L. R. A. 112; Hartz v. Sobel, 136 Ga. 565, 71 S. E. 995, 38 L. R. A. (N. S.) pp. 797, 813, Ann. Cas. 1912B, 165. Appellants' said complaint is overruled.

[7-9] Appellants also complain of the judgment appealed from on the ground that it is without support in the evidence. The burden was on appellees to show that they were entitled to have the will of Mrs. Fogleman established and probated as it read at the time it was executed and published. They

predicated their claim to this relief on the ground that the alteration thereof by the obliteration or blotting out of the name of their ancestor Mrs. Beavers was done after the death of Mrs. Fogleman. They failed to offer any evidence in support of said allegation. Neither did they offer any evidence tending to exclude any presumption that Mrs. Fogleman herself in her lifetime may have so altered her said will with the purpose to revoke said devises. Such presumption is said to exist when the testator is shown to have had the custody of the will, but not to exist when the will is shown to have been in the custody of another. 1 Page on Wills, pp. 1335, 1336, § 787. We have found no Texas case on this point, but our Supreme Court, in McElroy v. Phink, 97 Tex. 147, 154, 155, 76 S. W. 753, 77 S. W. 1025, held that, where a will shown to exist was last seen in the custody of the testator and could not be found after his death, a presumption of revocation by him existed. See, also, in this connection, City Nat. Bank v. Slocum (C. C. A.) 272 F. 11, 15–18. While the evidence shows affirmatively that said three names were obliterated or blotted out of Mrs. Fogleman's will after the same was executed by her, there is an entire absence of evidence with reference to when or by whom they were so obliterated or blotted out, and also with reference to who had the custody of said will during the lifetime of Mrs. Fogleman and its condition in that respect at the time of her death. Since the judgment of the trial court will be reversed on another ground, we will not attempt to anticipate what may be shown in evidence with reference to these matters upon another trial.

[10, 11] The will of Mrs. Fogleman was duly probated in the county court of Kaufman county on the 21st day of May, 1917. Appellees filed this contest of the probate of said will in said court on the 2d day of July, 1924. Appellants pleaded the 4 years' statute of limitation. Appellees filed no answer to said plea of limitation. While their pleadings show on their face that Mrs. Leatherwood and Mrs. Hambleton were married women at the time of the institution of said contest, there was no allegation as to when such coverture began. On the trial of the cause in the district court appellees introduced testimony that Mrs. Leatherwood was married to appellee W. E. Leatherwood more than 20 years prior to such trial and that Mrs. Hambleton and her husband were married before they were. Article 5534 of the Revised Statutes provides that any person interested in any will which shall have been probated may institute suit to contest the validity thereof within 4 years after such will was admitted to probate, and not afterward; but article 5535 of the Revised Statutes provides that, if any person entitled to bring such action be a married woman at the time the cause of action accrues, she shall have the same time after the removal of her disability that is allowed to others by the provisions of the preceding article. Evidence of coverture, though introduced without objection, is not available to defeat limitation unless such coverture is duly pleaded. Lawder v. Larkin (Tex. Civ. App.) 94 S. W. 171, 172; Krause v. Hardin (Tex. Civ. App.) 222 S. W. 310, 312, 313; Meineke v. Edmundson, 33 Tex. Civ. App. 505, 77 S. W. 238–239 (writ refused); Dublin v. T. B. & H. Ry. Co., 92 Tex. 535, 540, 50 S. W. 120; Lamberida v. Barnum (Tex. Civ. App.) 90 S. W. 698, 701.

We have considered all the other propositions submitted by appellants and have decided the same are without merit and same are here overruled.

The judgment of the trial court is reversed, and the cause remanded.