**LEATHERWOOD et al. v. STEPHENS et al.**
**(No. 737.)**

Court of Civil Appeals of Texas. Waco. Jan. 17, 1929.

Rehearing Denied Feb. 14, 1929.

Ross Huffmaster, of Kaufman, for appellants.

Wynne & Wynne, of Kaufman, for appellees.

GALLAGHER, C. J. This suit was instituted on the 2d day of July, 1924, by appellants, Ira Leatherwood and husband, W. E. Leatherwood, Rhoda Hambleton and husband, W. H. Hambleton, and A. M. Beavers, against appellees, Owen Stephens and others, in the county court of Kaufman county, Tex., to contest the validity of the will of Mary E. Fogelman, deceased theretofore admitted to probate in said court, and to set such probate aside. A trial was had before the court, and resulted in a judgment sustaining said will and the probate thereof. Appellants applied to the district court for a writ of certiorari to review said proceeding. The writ of certiorari was granted, and a transcript of the proceedings in the county court was transmitted to and filed in the district court. Said appellants, by amended pleadings, alleged that the will of Mrs. Fogelman, when the same was executed by her, contained the names of Mrs. Sallie Beavers, Mrs. Retta Martin, and Mrs. Beck as devisees therein, and devised to each of them, respectively, an undivided one-eighth interest in the entire estate of the testatrix. They further alleged that said will as probated showed that ink had been poured over several words therein in such a way as to make it impossible to tell what words had been obliterated thereby, and that the names of said three devisees were in this manner blotted out of said will after the death of Mrs. Fogelman and before the same was filed for probate. They prayed that said will be established and probated as originally executed.

Appellants Ira Leatherwood, Rhoda Hambleton, and A. M. Beavers are children and heirs at law, respectively, of Mrs. Sallie Beavers, whose name appeared in said will as a devisee at the time of its execution. Appellant Dan Beck intervened herein on November 23, 1927. He alleged that he was the sole and only heir at law of Mrs. Beck, whose name appeared in said will as a devisee at the time of its execution. He alleged that his mother, Mrs. Beck, died intestate on or about the 1st day of December, 1919. He adopted the pleadings of Ira Leatherwood and others, the original contestants. Appellant Lela Moore, joined by her husband, I. P. Moore, intervened herein on November 23, 1927. She adopted the pleadings of said original contestants. Appellees pleaded the four-year statutes of limitation. Ira Leatherwood and the other original contestants filed a supplemental petition in reply to appellees' plea of limitation, in which they alleged that Mrs. Rhoda Hambleton married W. H. Hambleton on the 15th of November, ——, and that they have since said time continuously resided together as husband and wife, and that Ira Leatherwood married W. E. Leatherwood on the 20th day of November, 1900, and that they have since said time continuously resided together as husband and wife; and they alleged that the statute of limitation did not run against them on account of such coverture. Neither of the interveners replied to appellees' said plead of limitation. This is the second appeal in this case. The opinion of this court on the former appeal is published in 295 S. W. 236, to which reference is

here made for a fuller statement of the case.

The trial which resulted in the judgment appealed from was before a jury. The testimony showed that Mrs. Fogelman was the wife of Mason Fogelman and that they had no children. She executed the will so probated on December 13, 1899. She died September 26, 1916. Her surviving husband, Mason Fogelman, on March 19, 1917, filed said will in the county court of Kaufman county, together with his application for the probate thereof and for letters testamentary. Said will was probated on May 21, 1917, and Mason Fogelman duly qualified as executor thereof. The testatrix, by the terms of her said will as probated, devised her entire estate to her husband during his life, and after his death in equal shares to Mesdames Stephens, Phillips, Jarvis, Pratt, and Clayton, and the heirs of their bodies, respectively, share and share alike. Said last-named devisees, or their heirs or legal representatives, are appellees herein. Said will as probated showed that ink had been poured over the words, if any, originally typewritten therein in three separate places, so as to make it impossible to tell what words had been obliterated thereby. Mason Fogelman died before the filing of this contest.

E. M. Tippen, one of the subscribing witnesses to said will, was the only witness examined on this trial. He testified that he and two other witnesses signed said will at the request of Mrs. Fogelman; that one of the other subscribing witnesses was living and the other dead; that at the time he signed said will, in addition to the names of the five devisees hereinbefore recited, the names of Mesdames Beavers, Martin, and Beck also appeared as devisees therein, and that none of the words thereof were at that time blotted or obliterated; that, while he saw Mrs. Fogelman frequently thereafter, she never told him that she had made any change in her will, and that he never knew of any change therein; that said will was left in the possession of Mrs. Fogelman; that he did not know where she kept the same up to the time of her death; that he knew her husband, Mason Fogelman, found the will, but he did not know where he found it; that he testified on the original probate of the will, and that he did not recall that any other witness testified at such hearing; that when he looked at his signature at that time, to identify the same, he did not notice any blots or obliterations. Said witness further testified that, of the eight devisees originally named in said will, one was a niece and the other seven were sisters, either of Mr. or Mrs. Fogelman; that two of the devisees whose names were blotted out were sisters of Mr. Fogelman, and one was a sister of Mrs. Fogelman. Nothing further was shown with reference to the custody of said will, from the date of its execution until it was offered for probate. There was no attempt to show when or by whom

said three names were blotted and obliterated.

The court, at the conclusion of the evidence, instructed the jury to return a verdict for appellees, and entered judgment on the verdict so returned, declaring said will as originally probated valid and confirming the probate thereof.

### Opinion.

■ Appellants submit this appeal upon a single assignment of error, which is as follows: "The court erred in instructing the jury to return a verdict for appellees." The only proposition submitted thereunder is as follows: "Where there is evidence tending to establish an issue, it is error for the court to instruct a verdict."

This proposition is too abstract in general to require consideration. Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607, 608, 609, pars. 1 to 5, inclusive, and authorities there cited; Gulf, C. & S. F. R. Co. v. Tarver, Steele & Co. (Tex. Civ. App.) 295 S. W. 320, 322, 323. The following quotation from Wright v. Maddox, supra, is applicable here: "A mere abstraction, a term repeatedly used by the courts from the earliest decisions upon the rule requiring propositions, is not a proposition within the meaning of the rule. In order to comply with the rule, the proposition must present something tangible and not a mere abstraction or generalization affirming what is alike applicable to all cases. Texas & P. Ry. v. Middleton, 27 Tex. Civ. App. 481, 65 S. W. 378. Mere general or abstract propositions of law are matters properly embraced in the argument, but their statement, when not accompanied with an explanation of their applicability to the particular ruling complained of, furnishes no clue by which the court can be acquainted with the issues it has to determine, and is therefore not a compliance with rule 30."

The proposition submitted by appellants does not contain in itself any explanation of its applicability to the issues in this case, and furnishes no clue by which the court can identify the particular issue which appellants claim should have been submitted to the jury. Appellants say, however, in substance, in their argument, that the testimony of the witness Tippen raised an issue as to whether or not the change in Mrs. Fogelman's will was made after it was exhibited to him in the county court at the time he proved the same for probate. If such were the case, the subsequent spoliation thereof before it was recorded should not be permitted to change its force or effect, and the record thereof should be corrected and made to conform to its original terms. Stephens v. Leatherwood, supra. We need not determine whether the testimony of said witness, considered in its most favorable light, was sufficient to raise such issue, because appellants alleged in their amended petition that said will was changed

by blotting out the names of said three legatees before it was filed for probate, and that it was admitted to probate in its changed and mutilated condition. Said allegations preclude the contention now urged.

There is, however, another reason why the action of the court in instructing a verdict in favor of appellees should be sustained. Appellees duly pleaded the four-year statute of limitation. The will of Mrs. Fogelman was duly probated in the county court of Kaufman county on the 21st day of May, 1917. This contest was first filed in that court on the 2d day of July, 1924, more than seven years thereafter. We held on the former appeal of this case that it devolved on contestants to plead the facts relied upon to defeat the plea of limitation. The record before the court at that time did not show the date of the death of Mrs. Sallie Beavers, under whom the original contestants claimed. After the cause was remanded to the district court, the original contestants filed an amended petition, in which they alleged for the first time that Mrs. Beavers died on the 16th day of September, 1918, more than a year after the probate of the will. They also filed a supplemental petition, in which they alleged the coverture of Mrs. Leatherwood and Mrs. Hambleton to defeat the bar of the statute of limitation. Neither of the interveners filed any reply to the plea of limitation.

The record does not show whether Mrs. Beavers was a married woman at the date of the probate of the will, though there are circumstances tending to show that she was a widow at that time. If she was a widow at that time, the statute began to run against her right to contest such probate from and after the date thereof, and it continued to run against her said daughters, notwithstanding their coverture at the time of her death. If Mrs. Beavers was a married woman at the time of the probate of the will, so that limitation did not begin to run against her on account of her coverture, if any, it did begin to run against Mrs. Leatherwood and Mrs. Hambleton at her death, notwithstanding they were then laboring under such disability, since the period of limitation cannot be extended by connecting one disability with another. R. S. art. 5544; Easterling v. Simmons (Tex. Civ. App.) 293 S. W. 690, 694, 695 (writ refused), and authorities there cited. In either event, Mrs. Leatherwood and Mrs. Hambleton were, according to their own allegations, effectually barred from maintaining an action to set aside the probate of the will of Mrs. Fogelman long before they instituted this contest.

The intervener Beck, by adopting the pleadings of the original contestants, in effect merely alleged, to defeat said plea of limitation, that Mrs. Leatherwood and Mrs. Hambleton were married women at the date of the probate of the will. According to the allegations of his plea of intervention, his mother, who was named as devisee in the will at the time it was executed, died in December, 1919. He filed his plea of intervention in November, 1927, nearly eight years after her death. Said allegations constituted no ground to defeat or avoid appellees' plea of limitation. Mrs. Moore merely adopted the pleadings of the original contestants. She neither stated in her plea of intervention that she was the descendant of any of the original devisees whose names were blotted out, nor that the devisee under whom she claimed was dead. Neither the original contestants nor either of the interveners alleged any fact or facts sufficient to avoid the bar of limitation interposed by article 5534 of the Revised Statutes. It is not necessary to determine whether any of appellants' allegations are sufficient to raise an issue of fact which would avoid the bar of limitation interposed by article 5536 of the Revised Statutes, since they submitted no evidence tending to bring them, or any of them, within the provisions of said article.

The judgment of the trial court is affirmed.

STANFORD, J. Not being able to agree with my associates in the disposition of this case, I hereby file the following dissenting opinion:

The statement of the case, as made in the majority opinion, is substantially correct. Will say, however, the record leaves no doubt but that Mary E. Fogelman executed her will on December 13, 1899, bequeathing all her property to her husband, Mason Fogelman, for life, with remainder to eight devisees named in said will, share and share alike. On September 26, 1916, Mary E. Fogelman died. On March 19, 1917, Mason Fogelman filed said will for probate, and same was probated on May 21, 1917, and Mason Fogelman appointed independent executor thereof without bond. That Mason Fogelman died on or about June 8, 1923. That this suit was filed May 22, 1925. That, at the time said will was executed and witnessed, Sallie Beavers, Retta Martin, and Mrs. Beck were three of the eight devisees to whom said estate was devised, after the termination of the life estate of Mason Fogelman. That appellants are the heirs of the said Sallie Beavers, Retta Martin, and Mrs. Beck. That the names of Sallie Beavers, Retta Martin, and Mrs. Beck were all blotted out of said will by ink being poured or smeared over their names. Appellants alleged that they were nonresidents of the state, and never knew that the names of their said ancestors had been blotted out of said will until a short time before this suit was filed.

This proceeding was, in effect, to set aside the probate of said will and to have it probated as it existed at the time of its execution. Appellants alleged that the will of Mrs. Fogelman, when the same was executed by her, contained the names of Sallie Beavers,

Retta Martin, and Mrs. Beck as devisees therein, and devised to each of them, respectively, an undivided one-eighth interest in the entire estate of the testatrix. They further alleged that said will as probated showed that ink had been poured over several words therein in such a way as to blot out the names of their ancestors, and that their names were blotted out of said will after the death of Mrs. Fogelman, and before the same was filed for probate, and prayed that said will be established and probated as originally executed. The case was tried on the theory that the testatrix had the right at any time before her death to revoke said will in part by blotting out the names of three of the devisees therein, and, as appellants failed to prove that said names were blotted out after her death, they had failed to make out a case. In fact, this was the holding of this court on the former appeal of this case. Stephens et al. v. Leatherwood et al., 295 S. W. 236, and the writer assumes responsibility for said holding as much as any other members of this court, but is now convinced said holding was erroneous and ought to be corrected.

It is true appellants alleged, in substance, that said names were blotted out after Mrs. Fogelman's death; but it is thought this allegation was superfluous, and, if so, of course it was not necessary that it be proven. It is thought, without such allegation, appellants' pleading, supported by the uncontradicted evidence, entitled them to an instructed verdict in their favor, unless they were barred by limitation. Could Mrs. Fogelman, by simply blotting out the names of three of the legatees, to that extent revoke said will? Following articles 8281 and 8283, prescribing who may execute a will and the manner of so doing, article 8285 provides:

"No will in writing, made in conformity with the preceding articles, nor any clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil or declaration in writing, executed with like formalities, or by the testator destroying, canceling or obliterating the same, or causing it to be done in his presence."

In referring to the above articles, our Supreme Court in Kennedy v. Upshaw, 64 Tex. at page 418, said:

"The object of these laws is to prevent fraud and perjury, and the experience of ages bears evidence of their wisdom and of the necessity for their enforcement to avoid the evils which they were enacted to prevent. * * * 'If the provisions of the act were designed to prevent fraud and perjury in making a will, there is the same necessity for the observance of the provisions in disproving the making of a will. This appears not only from the reason of the provisions, but the legislature have, in the section on revocation, specified the solemnities which must attend a revocation. It must be done

by burning, canceling, tearing, or obliterating the will by the testator, or in his presence and by his direction and consent, or by ·a will, or codicil in writing executed with the same solemnities as a will. This shows clearly the legislature's intent to protect wills, when executed, by the most stringent requirements of evidence of revocation.'"

In the case of Locust v. Randle, 46 Tex. Civ. App. 546, 102 S. W. 948, the Court of Civil Appeals, through Justice Gill, said:

"Article 5337 of the Revised Statutes of 1895 provides that no written will may be revoked except by written revocation or by destruction of the will by the testator, or by his order in his presence. This statute has been enforced without modification."

Our Supreme Court, in Hawes v. Nicholas, 72 Tex. 481, 10 S. W. 558, 2 L. R. A. 863, said:

"In our state a statute prescribes the method of revoking a will to be 'by a subsequent will, codicil, or declaration in writing executed with like formalities, or by the testator destroying, canceling, or obliterating the same, or causing it to be done in his presence.'"

In Ainsworth v. Briggs, 49 Tex. Civ. App. 344, 108 S. W. 753, the Court of Civil Appeals, through Judge Key, said:

"Unlike deeds, delivery is not essential to the execution or validity of a will, and, when an instrument has been executed in such manner as to constitute a valid will, it remains such will until revoked by the making of a subsequent will, or by the testator's destroying, canceling, or obliterating the same, or causing it to be done in his presence."

In Brackenridge v. Roberts, 114 Tex. 433, 267 S. W. 247, our Supreme Court said:

"Articles 7857 and 7858 [Rev. St.] provide the requisites and methods by which a valid will may be executed. The modes of revoking a will are as definitely prescribed in article 7859 as the modes of making it, and no essential part of the one can be dispensed with any more than the other."

It is true, in none of the above cases was the question involved as to the right of a testator to revoke a clause or devise in his will by blotting it out; but in all of said cases, where reference is made to the expression, "or by the testator destroying, canceling or obliterating the same, or causing it to be done in his presence," it is referred to as a method of revoking a will, and not a "clause * * * or devise therein." In Sien et al. v. Beitel (Tex. Civ. App.) 289 S. W. 1057, a writ of error was granted, and one of the grounds thereof, as I understand, was the question here involved, but said case was settled, and so the point not passed upon.

It is thought the question here involved should be determined by the interpretation given to the above article 8285 of our Statutes. Decisions coming from states having no statutes safeguarding the revocation of wills against fraud and perjury, of course,

are of no value. Neither are decisions from states having such statutes, but which are very different from ours, of much, if any, value. The rule seems to be well-nigh unanimous that, where a revocation by blotting out results in a new disposition of the property disposed of in the revoked part, a pro tanto revocation will not be allowed; the theory being that the original disposition would not have been revoked, unless the new could be given effect, and, as this must fail, because not executed in accordance with the statutes, the original one must be given effect. In other words, as applied to this case, we have the following situation:

The testator devised her entire estate, after the termination of her husband's life estate, to eight persons, share and share alike. This will was executed and published under all the solemnities as required by our statutes. If she could revoke the devise to three of said devisees by simply blotting out their names with ink, thereby increasing the devise to each of the other five to one-fifth, then, to the extent of the difference between one-fifth and one-eighth, each of said remaining devisees would take under a will that was not executed as required by law. Or, to put it another way, the testatrix attempted to take from each of said devisees one-eighth of her estate, and devise same to the other five, by simply blotting out the names of said three, without a re-execution or publication of said will. Said proceeding cannot be sustained in states where wills, to be valid, are required to be executed under such solemnities as are required by our statutes. Hartz v. Sobel, 136 Ga. 565, 71 S. E. 995, Ann. Cas. 1912D, 165, 38 L. R. A. (N. S.) 798, and citations on page 802; 28 R. C. L. 185, 186, and cases there cited; Page on Wills, § 417, p. 659; Eschbach v. Collins, 61 Md. 478, 48 Am. Rep. 123; Miles' Appeal, 68 Conn. 237, 36 A. 39, 36 L. R. A. 176; In re Knapen's Will, 75 Vt. 146, 53 A. 1003, 98 Am. St. Rep. 808; Cook v. Jeffett, 169 Ark. 62, 272 S. W. 873, and cases cited; 40 Cyc. p. 1186, and cases cited. If Mrs. Fogelman could legally revoke the devise to three of the devisees by blotting out their names, then she could legally blot out the legacies specified in the will, blot out the provision giving her husband a life estate, and blot out the names of all the residuary legatees except one, and thus give such one a title in fee to her entire estate— thus changing the entire import of her will by the blotting process, regardless of the formalities prescribed by our statutes for the execution of a will.

There was no evidence to show by whom the will was changed. It may have been changed by the testatrix before her death, or it may have been by the life tenant, Mason Fogelman, her husband, or it could have been by any one else who had access to the will. It was never in the possession or control of appellants, and they alleged they never knew

their ancestors' names had been blotted out until after the death of Mrs. Fogelman, the probate of the will, and the death of the life tenant, Mason Fogelman. From the very nature of the situation, appellants were not in position to know who blotted out said names. From the very fact our Legislature, as early as 1840, were so careful to guard against fraud and perjury in the execution of a will, as is evidenced in article 8283, Revised Statutes, and also in the revocation of a will, as I think, is evidenced in article 8285, it is unreasonable to suppose the Legislature, in the latter article, intended to open wide the door to fraud and perjury by permitting parol testimony to prove or indulge a presumption that a testator, after the due execution and publication of a will, revoked a clause or devise therein by simply blotting out parts of same, thereby entirely changing the testamentary character of such instrument.

I think the meaning of article 8285 clearly is that: "No will in writing, made in conformity with the preceding articles, nor any clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil or declaration in writing, executed with like formalities, or by the testator destroying, canceling or obliterating the same [that is, the will], or causing it to be done in his presence." If the above is the proper construction of said article, then the attempt of Mrs. Fogelman to cut out the three devisees by blotting their names, if she did so, was abortive (28 R. C. L. 185), and the evidence showing clearly the names of the devisees were so blotted out, said will should have been admitted to probate as originally executed, unless appellants were barred by limitation (Law v. Law, 83 Ala. 432, 3 So. 752; Wolf v. Bollinger, 62 Ill. 368; Eschbach v. Collins, 61 Md. 478, 48 Am. Rep. 123, and other cases cited in note, 38 L. R. A. [N. S.] on page 805).

Appellants' assignment of error and their proposition thereunder may be rather abstract, but, if it was error for the court to instruct against appellants, same was fundamental error, and required consideration, although not assigned at all. Southern Pine Lumber Co. v. Arnold (Tex. Civ. App.) 139 S. W. 917; Rio Grande & E. P. R. Co. v. Kinkel (Tex. Civ. App.) 158 S. W. 214; Ruth v. Cobe (Tex. Civ. App.) 165 S. W. 530; Neville v. Miller (Tex. Civ. App.) 171 S. W. 1109.

I do not think that appellants' rights in this case are barred by limitation, for the following reasons: Article 5534, Revised Statutes, provides, in effect, that any person interested in a will which shall have been probated may institute suit to contest the validity thereof within four years after the same has been probated and not afterwards. This proceeding is not to contest the validity of the will in question, but to reform a will and have it probated as originally written. Ste-

phens et al. v. Leatherwood et al. (Tex. Civ. App.) 295 S. W. 236. I do not think the above statute applicable. I think article 5536, which provides that suit may be brought to cancel a will for forgery or other fraud within four years after the discovery of such forgery or fraud, has application to this case. Mason Fogelman had said will probated May 21, 1917, and he was in full control and management of the property until his death in June, 1923, and during this time appellants, having no present interest, and knowing their ancestors had been named as residuary devisees, had no occasion to learn said names had been blotted out. Appellants alleged that they did not know, until after the death of Fogelman in 1923, a short time before this suit was filed, that the names of their ancestors had been blotted out The blotting out of said names, if done by some one other than the testatrix, was fraudulent in fact as well as in law; in any event, it is thought, such was wrongful, and in a legal sense fraudulent, and limitation should not be held to begin to run against appellants until they or their ancestors learned said names had been blotted out. Articles 5534 and 5536, Revised Statutes.

But, if article 5534 is controlling, I do not think all of the appellants are shown to be barred. This proceeding was instituted by A. M. Beavers, Rhoda Hambleton and husband, W. H. Hambleton, and Ira Leatherwood and husband, W. E. Leatherwood. Appellees, among other defenses, pleaded the four-year statute of limitation. On November 23, 1927, said original contestants, in reply to said plea of limitation, alleged that Mrs. Rhoda Hambleton was a married woman and the wife of W. H. Hambleton, and that Ira Leatherwood was a married woman and the wife of W. E. Leatherwood, and that they had been such husband and wife since November 20, 1900, and by reason of their coverture limitation did not run against Mrs. Rhoda Hambleton and Mrs. Ira Leatherwood. Mrs. Hambleton and Mrs. Leatherwood were daughters of Mrs. Sallie Beavers, one of the parties whose name was blotted out of the will.

On the same date the above pleading was filed, November 23, 1927, Lela Moore, joined by her husband, I. P. Moore, filed their plea of intervention, and adopted all of the pleadings of the original contestants. Lela Moore was a daughter and the only child of Retta Martin, one of the parties whose names were blotted out of the will. The will was probated May 21, 1917. Limitation could not begin to run against any one in any event until this date. E. M. Tippen was familiar with the family history of the parties to this suit, and testified in regard to same:

"When Mrs. Beavers died she left several children as heirs; there were about four girls, I think, and one boy. The girls' names were Ira, Rhoda, Winnie, and Etna, I believe. Rhoda is Mrs. Hambleton. * * *

Ira married W. E. Leatherwood. * * * They must have married about 1906 or 1907, somewhere; it might have been before that. * * * I knew them a long time before they were married. I guess it was about 1906 that they married. * * * I believe Mr. and Mrs. Hambleton married before Mr. and Mrs. Leatherwood did. Rhoda married W. H. Hambleton."

This witness testified further: "Mrs. Beavers died in 1900, I think. I know it was in the summer sometime; I think it was in September"

Of course, limitation never began to run against Mrs. Beavers, because she died long before the will was probated. Limitation did not begin to run against her daughters, Mrs. Ira Leatherwood and Mrs. Rhoda Hambleton, because, on the date said will was probated, they were married women, and have ever since so been; their husbands joining them in this suit. The witness Tippen testified further:

"I knew Mrs. Martin. She had one child. I don't know who she married; I don't know whether she married Moore or not. I knew them well; I visited them often, and they visited me. I have been in their home down here. I could not say when Mrs. Martin died. It was after I left here. I don't know what year she died. She died in this county. * * * Yes; Mrs. Moore is the only child Mrs. Martin had. * * * Mrs. Martin has been dead several years. I do not know anything about her daughter; I have not seen her in years. Her daughter was named Lela Martin, when I knew her. I don't know whether she married Moore or not."

Mrs. Martin was one whose name was blotted out of the will. The witness said she died several years ago; that she had one daughter, named Lela; that he had not seen her for years, etc. Lela Moore, joined pro forma by her husband, I. P. Moore, intervened in this suit, and adopted the plea of coverture filed by Mrs. Leatherwood and Mrs. Hambleton. While the record is indefinite, it is thought the reasonable inference is that Mrs. Martin died before the will was probated, and that on said date and up to the present her daughter, Lela Moore, has been a married woman, the wife of I. P. Moore, and, if so, then her cause of action was not barred.

In what is said above, I have accepted as true the testimony of the witness E. M. Tippen as to the relationship of the parties, the dates of marriage, dates of deaths, etc., because it is uncontroverted, and is the only evidence bearing upon such matters, and, according to said undisputed evidence, some of said parties clearly are not barred; as to some of them, the record is unsatisfactory, but does not justify this court, it is thought, in holding any of them barred. As I view the record, the appellants and the court, in following the former opinion of this court, were caused to try the case upon an erroneous

theory, and by reason thereof the question of limitation was not fully developed, and in fairness to them it is thought the case should be reversed and remanded, in order that it may be tried upon pleading and evidence presenting the proper controlling issues involved.