JOHN G. JACOBS ET AL., APPELLEES, V. FRED L. GOODRICH, APPELLANT.

FILED JANUARY 3, 1912.     No. 16,558.

1. **Appeal:** CONFLICTING EVIDENCE. There is no controlling question of law involved in this case. The evidence was conflicting. The cause was submitted to the trial jury on proper instructions. A verdict was returned in favor of plaintiffs. Where the evidence is conflicting, it is the province of the jury to decide questions of fact, and a reviewing court cannot interfere.

2. **Boundaries:** ESTABLISHMENT. Where the evidence shows without conflict that all government and plat monuments within the business district of the city of O. have been lost or destroyed and none of them can be found, that the curbstones along the streets, having been established by legal authority, are the only safe monuments by which engineers and surveyors can be guided, and that the custom of using them as such monuments, as the only available ones, has been adopted in such city, good faith measurements from them by disinterested engineers and surveyors will not be held invalid.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*E. C. Page,* for appellant.

*Hugh A. Myers, contra.*

REESE, C. J.

This is an action in ejectment for a strip of ground

a few inches in width and 32 feet in length in the rear of block 138, in the city of Omaha. Plaintiffs are the owners of the west third of lot 3, in said block, and defendant is the owner of the middle third thereof, each being 22 feet in width. On the 24th day of July, 1869, the then owners of the two parcels of land entered into an agreement that the wall of a building to be erected on the middle third of said lot should be upon the dividing line between the two holdings, one-half thereof on each side, the wall to be used as a party wall when a building should be erected by the other on the opposite side. The building then under contemplation was constructed, extending a depth of about 80 feet. A building was constructed upon the other lot, of about ·100 feet depth. The lots are 132 feet in length. The partition wall was used, without dispute or misunderstanding, the whole 100 feet. In 1907 defendant made an addition to his 100-foot building, extending back to the alley, a distance of 32 feet. In extending the wall this distance, it is claimed by plaintiffs that the wall was so placed as to encroach upon their lot. A jury trial was had, when a verdict was rendered finding that "the defendant unlawfully occupies with a wall the following described property belonging to said plaintiffs, to wit: Beginning at a point at the southeast corner of the west one-third of lot three (3), block one hundred and thirty-eight (138), city of Omaha, thence north running 32 feet to the old Jacobs' wall, thence west $8\frac{1}{2}$ inches, thence running south 32 feet, thence east 11 inches to place of beginning; and that plaintiffs are the owners of said property and entitled to the possession of the same." A motion for a new trial was filed, overruled, and judgment rendered upon the verdict. Defendant appeals.

There is no distinct question of law involved in the case. From the record, it seems to have been tried with due care by the presiding judge and counsel representing the parties. There being no abstract of the record required, the case is submitted upon the bill of exceptions

and transcript, all of which we have carefully read. While the witnesses all appear to have testified with the utmost candor, yet the evidence is conflicting on practically every material point. Some objection is made as to the method of locating the boundaries of the lots by the engineers and surveyors who sought to locate the line between the lots. This arises out of the fact that the curbstones on Fourteenth and Fifteenth streets were taken as the monuments from which distances should be computed. This applies principally to Fifteenth street. The evidence shows beyond any question that all the government monuments in the business part of the city have long since been lost and destroyed, and that it is, and has been for years, the practice and custom of engineers and surveyors to accept the curbstones as the only monuments which could be found or on which reliance could be placed. As said by some of the witnesses, they were all the monuments they had for their guidance. No stakes or plat monuments remain. The curbstones having been established by lawful authority, they probably constitute not only the best, but the only satisfactory monuments.

The giving of one instruction is assigned for error. We have examined all the instructions given, and are unable to discover any prejudicial error in them. They seem to have been carefully prepared, and correctly state the law.

While, had the cause been submitted to the writer hereof as the trier of fact, the decision might not have been as returned by the jury, yet, as they were the legitimate triers of the facts, on the conflicting evidence we must acknowledge our inability to change the result.

The judgment of the district court will therefore be

AFFIRMED.