## LEATHERWOOD et al. v. STEPHENS et al.

### (No. 1318—5416.)

Commission of Appeals of Texas, Section A.
Feb. 19, 1930.

820

See, also, 295 S. W. 236.

Ross Huffmaster, of Kaufman, for plaintiffs in error.

Wynne & Wynne, of Kaufman, for defendants in error.

CRITZ, J.    This suit was originally instituted in the county court of Kaufman county, Tex., on July 2, 1924, by the plaintiffs, Mrs. Ira Leatherwood and husband, E. E. Leatherwood, Mrs. Rhoda Hambleton and husband, W. H. Hambleton, and A. M. Beavers, against Owen Stephens et al., to contest the validity of the will of Mary E. Fogleman, deceased, theretofore admitted to probate in said court, and to set aside such probate.

The ground alleged in the petition in the county court for the relief there sought was that by the terms of the will as originally executed, testatrix had devised and bequeathed to the plaintiffs and one Etta Joella Beavers an equal undivided one-seventh .of her estate, etc.    Plaintiffs then alleged that their names and the name of Etta Joella Beavers had been blotted out of said will long after the date of the death of Mary E. Fogleman, and the instrument was thereby made. null and void, and of no force and effect.    These plaintiffs .in the county court then prayed as follows: "Wherefore these complainants pray for citation in terms of law and upon final hearing that said void will and said void probate proceedings be canceled, set aside and held for naught."

The county court rendered judgment sustaining' the will and its probate.

The case was appealed by certiorari to the district court of Kaufman county, Tex. The grounds of.error asserted in the application for the writ of certiorari were the same as were asserted in the petition in the county court.    •

When the case reached the district court, the plaintiffs filed an amended petition, in which it was for the first time in substance alleged that they are the sole and only heirs at law of Mrs. Sallie Beavers, deceased; that Mrs. Sallie Beavers was a sister of testatrix; that Mrs. Sallie Beavers died in September, 1918, leaving petitioners as her sole and only heirs at law except Etta Beavers, who is also a daughter; that testatrix died leaving a will, setting out the will; that by the terms of this will the mother of petitioners, Mrs. Sallie Beavers, was devised a one-eighth interest in testatrix's estate; that on the death of Mrs. Sallie Beavers all her interest in said estate descended and passed by the statutes of descent and distribution to petitioners; that after such execution of said will by the said Mrs. Mary E. Fogleman, some person other than testatrix poured ink or in some way put ink over the name of Mrs. Sallie Beavers, and over the names of Mrs. Martin and Mrs. Beck, etc. The relief prayed in the district court is that the order of probate be set aside and held for naught, and that said will of said Mary E. Fogleman be admitted to probate as it was executed, etc., and for general relief, etc.

The will as probated in the county court is as follows:

"The Last Will and Testament of Mary E. Fogleman.

"The State of Texas, County of Kaufman

"Know all men by these presents, that I, Mary E. Fogleman of the County of Kaufman and State of Texas, being in good health, and of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking all wills by me at any time heretofore made.

"First. I direct that all my just debts and funeral expenses shall be paid.

"Second. I give to my beloved husband Mason Fogleman, during his life all my estate real and personal, consisting of one hundred and ninety acres of land in Kaufman County, Texas, and about thirty head of cattle and horses, all furniture and household goods.

"Third. I give all the residue of my estate real and personal, remaining after the payment of the foregoing legacies and after the death of my beloved husband Mason Fogleman, to the following * * * named persons and the heirs of their bodies respectively share and share alike: Rebecah E. Phillips wife of J. Z. Phillips. * * * Ida C. Stephens wife of Owen Stephens. Ella Jarvis wife of S. L. Jarvis * * * Lula Pratt wife of Wheeler Pratt, Supply, Okla. each of the seven last aforesaid named persons reside in Kaufman County, Texas. Hattie J. Clayton wife of Ewing Clayton resides in Throckmorton County, Texas.

"Fourth. I constitute and appoint my beloved husband, Mason Fogleman sole executor of this my will and direct that no bond or security shall be required of him.

"Fifth. It is my will that no action shall be had in the County Court in the administration of my estate during the life of my husband, Mason Fogleman, than to prove and record this will, and to return an inventory and appraisement of my estate and list of claims.

"Sixth. In witness whereof I have hereto set my hand this 13 day of December, A. D. 1899, in the presence of Mason Fogleman and Mary E. Fogleman who attest the same at my request."

The will is signed by E. M. Tippen, P. E. Whiteside, and S. H. Whiteside, as subscribing witnesses in due form.

The above will in the condition above shown was probated without objection in the county court of Kaufman county, Tex., on May 21, 1917. The contest, as above shown, was filed July 2, 1924, a little more than seven years after the probate. The record discloses that Mason Fogleman, surviving husband of testatrix, was dead at the time the contest was filed. He was living at the time the will was probated. The will itself shows to have been executed on December 13, 1899. Testatrix died on September 26, 1916.

The testimony shows that Mrs. Beavers, whose name is one of those alleged in the amended petition to have been obliterated, was a sister of testatrix. Mrs. Martin and Mrs. Beck, whose names are also claimed to have been obliterated from the will, were sisters of Mr. Fogleman, surviving husband of testatrix. Testatrix and her surviving husband had no children or direct heirs so far as shown by the record. The estate as shown by the inventory was all community property of the testatrix and her surviving husband. If she died intestate as to any of such property, her surviving husband was her sole and only heir thereto. Article 2578, R. C. S. of Texas 1925. The record shows that Mrs. Sallie Beavers died in 1900, long before the death of testatrix and long before the will was admitted to probate.

In this connection we call attention to the testimony of E. M. Tippen, a witness for plaintiff and the only witness who testified at the trial. He testified with reference to Mrs. Beavers as follows: "At the time I signed the will as a witness there were eight names in the will. I think those eight names were Mrs. Stephens, Mrs. Jarvis, Mrs. Pratt, Mrs. Phillips, Mrs. Martin, Mrs. Clayton and Mrs. Beavers; and I believe Mrs. Beck was in there too. * * * Mrs. Stephens and Mrs. Beavers were Mrs. Fogleman's sisters. * * * Mrs. Beavers died in 1900, I think

—I know it was in the summer some time; I think it was in September."

The record also shows that Mrs. Sallie Martin is dead, but we cannot tell from the record when she died or whether she died before or after the death of testatrix. The witness Tippen testified in regard to Mrs. Martin: "I could not say when Mrs. Martin died—It was after I left here—I don't know what year she died. She died in this county."

This witness does not state when he "left here," but we gather from other portions of his testimony that it was prior to 1906, as he testified that Mrs. Leatherwood was married in 1906, and states: "I was not living here at the time they married."

Mrs. Beck was living at the time testatrix died. The witness Tippen testified in regard to Mrs. Beck as follows: "Mrs. Beck is dead. Mrs. Beck has not got but one child living, that is Dan or D. A. Beck. I don't know what year she died, but it was two or three years ago."

We are unable to say from the record whether either Mrs. Beavers, Mrs. Martin, or Mrs. Beck were widows at the time of their respective deaths. The only assignment in the Court of Civil Appeals [13 S. W.(2d) 726, 727] is: "The court erred in instructing the jury to return a verdict for appellees."

The only proposition submitted thereunder is as follows: "Where there is evidence tending to establish an issue it is error for the court to instruct a verdict."

As shown above, the trial court peremptorily instructed a verdict.

The Court of Civil Appeals by a majority opinion holds the one proposition under the above assignment too abstract in general to require consideration. Justice Stanford dissented from this holding. In spite of this holding the Court of Civil Appeals proceeds to pass on the issues of the case as presented under the above proposition. We shall do so also.

The majority opinion of the Court of Civil Appeals states: "The record does not show whether Mrs. Beavers was a married woman at the date of the probate of the will, though there are circumstances tending to show that she was a widow at that time."

The dissenting opinion of Justice Stanford states: "Of course, limitation never began to run against Mrs. Beavers, because she died long before the will was probated."

As shown by the testimony of Tippen already quoted, Mrs. Beavers died in 1900, long before the death of testatrix, and she therefore never took under the will at all. Mrs. Leatherwood, Mrs. Hambleton; and A. M. Beavers are claiming an interest in the estate as heirs of Mrs. Beavers. In fact, if they have any interest, it is as heirs of Mrs. Beavers, their mother, as they are not heirs of the testatrix. The testatrix's surviving husband was her only heir so far as the property left by her is concerned. Mrs. Leatherwood, Mrs. Hambleton, and A. M. Beavers must show an interest in the estate before they have any right to contest in this suit. If they have no interest in the estate under the issues as made, the trial court was correct in giving the peremptory charge so far as they are concerned.

Article 8295, R. C. S. of Texas 1925, provides: "Where a testator shall devise or bequeath an estate or interest of any kind by will to a child or other descendant of such testator, should such devisee or legatee, during the lifetime of the testator, die leaving children or descendants who shall survive such testator, such devise or legacy shall not lapse by reason of such death; but the estate so devised or bequeathed shall vest in the children or descendants of such legatee or devisee in the same manner as if he had survived the testator and died intestate."

Mrs. Beavers, who died prior to testatrix, was not a child or other descendant of testatrix, and therefore neither Mrs. Leatherwood, Mrs. Hambleton, nor A. M. Beavers took anything under this will by virtue of the above statute. If they have any interest in the estate, it must be by virtue of some other rule of law. By the rule of implied exclusion, the statute having confined its application to cases where the devise is made to a child or other descendant of the testatrix, it will be presumed that the Legislature intended to exclude devisees not coming within its terms.

Under the common law, neither Mrs. Leatherwood, Mrs. Hambleton, nor A. M. Beavers have any interest in this estate. Article 8295, R. C. S., supra; Jarmon on Wills (6th Ed.) § 609; Coleman v. Jackson (Tex. Civ. App.) 126 S. W. 1178 (writ refused); Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1152 (writ refused); Belleville, etc., v. Aneshaensel, 298 Ill. 292, 131 N. E. 685; Tongue v. Nutwell, 13 Md. 413; Deford v. Deford, 36 Md. 168; Jacobs v. Goodrich, 90 Neb. 478, 134 N. W. 171.

It follows from what we have said that Mrs. Sallie Beavers having died prior to the death of the testatrix, the bequest to Mrs. Beavers, even if contained in the will, became lapsed and neither Mrs. Leatherwood, Mrs. Hambleton, nor A. M. Beavers, have any interest in the estate. This being the case, the question of limitation so far as these parties are concerned becomes moot, and it is therefore unnecessary for us to pass thereon. If they had no interest in the estate, the trial court was correct in giving a peremptory charge in so far as they were concerned.

We here desire to state that we fully agree with the dissenting opinion of Justice Stanford to the effect that if the names of Mrs. Sallie Beavers, Mrs. Martin, and Mrs. Beck were contained in the will at the time it was executed, it could not be changed or revoked except in the manner provided by our statutes. If the obliterations were made after the will was executed by the testatrix or any one else, such act was futile and amounted to nothing. We refer to the authorities on this question cited in the dissenting opinion of Justice Stanford. We fully concur with what he says on this subject, and as he has cited all of the leading authorities we will not take up space to further discuss this question.

It follows from what we have said that this case must be affirmed unless the interveners have some rights therein.

The intervener, Beck, was not a party in the county court and filed his intervention for the first time in the district court in November, 1927. He alleges that his mother, Mrs. Beck, who was named as a legatee in the will, died in 1919. The intervener by his pleadings adopted the pleadings of the original plaintiffs. In our opinion the pleadings of intervener, Beck, showed no grounds to defeat the four years statute of limitation so far as he is concerned. In fact, they affirmatively show that he is barred. If his mother died in 1919, and he did not file his intervention until 1927, he is certainly barred by the four-year statute of limitation (Rev. St. 1925, art. 5534).

As to Mrs. Moore, her pleadings in intervention were filed for the first time in the district court on November 23, 1927. This pleading does not show who Mrs. Moore was the descendant of, nor if the devisee under whom she claims is dead. It merely states that she, joined by her husband, I. P. Moore, intervenes and adopts the pleadings of W. E. Leatherwood and the other plaintiffs. None of the other parties allege any fact that would relieve Mrs. Moore from the bar of limitation. This pleading is absolutely insufficient to show that Mrs. Moore had any right of intervention or any interest in the subject-matter of the suit. Furthermore, it is absolutely insufficient to state any grounds excusing her from the bar of limitation.

When we examine the testimony, it shows that Mrs. Moore was the only child of Mrs. Martin. The witness Tippen testifies to this effect. From the record we are unable to say whether Mrs. Martin was living or dead at the time testatrix died, or whether if she was living at the death of testatrix, she was married or a widow. If she was dead at the time testatrix died, the bequest to her also lapsed; if she was living and a widow at the time the will was probated, limitation began to run against her; and if such be the fact, the coverture of Mrs. Moore would not stop it. Also the record does not show when Mrs. Moore married. Under such a record the trial court certainly had no evidence or pleading which would exempt Mrs. Moore from the statute of limitation and the peremptory charge was correct as to her.

There is another reason why the peremptory charge of the trial court was correct as against all plaintiffs and the two interveners. As above shown, the suit was originally instituted in the county court, where of necessity it had to begin under the law. The parties plaintiff in that court were Mrs. Leatherwood and her husband, Mrs. Hambleton and her husband, and A. M. Beavers. The parties defendant were Owen Stephens et al. The interveners in the district court were not parties at all. The grounds for relief alleged in the county court were, as above shown, that the names of Mrs. Leatherwood, Mrs. Hambleton, A. M. Beavers, and their sister, Etta Joella Beavers, were in the will as devisees as originally executed, and that such names had been blotted out after the death of testatrix. No mention is made of Mrs. Beavers, Mrs. Martin, or Mrs. Beck, and no allegation is made that their names were ever contained in the will or obliterated therefrom. There is no effort to correct the will as probated in the county court, and re-probate it with the obliterated names inserted. In fact, the only relief sought in the county court was to cancel the original probate proceedings and declare same null and void. The case was appealed by certiorari as shown above, and an examination of the application for the writ discloses that the grounds of error specified in the application for the writ are the same as were urged in the county court, and no others. In fact, the petition in the county court is copied into the application. When the case reached the district court, the plaintiff filed an amended petition wherein for the first time the allegations heretofore shown, to the effect that the will as originally executed contained the names of Mrs. Beavers, Mrs. Martin, and Mrs. Beck; that said persons were each bequeathed an undivided one-eighth of the estate; that their names were obliterated from the will after its execution; that Mrs. Beavers was dead; and that plaintiffs were her heirs at law. Also for the first time an effort is made in the district court to correct the will and probate same as corrected.

As above shown, the case was appealed from the county court to the district court by certiorari proceedings under title 27, art. 932 et seq., R. C. S. of Texas 1925. It is provided by article 939 of this chapter that: "The cause shall be tried de novo in the district court, but the issues shall be con-

fined to the grounds of error specified in the application for the writ. The judgment shall be certified to the county court for observance."

An examination of the above statute shows that it expressly provides that where a case is appealed from the county court to the district court by certiorari proceedings the trial shall be de novo, but the issues shall be confined to the grounds of error specified in the application for the writ. The district court is an appellate court, and on appeal only has jurisdiction to adjudicate the matters put in issue in the county court. Franks v. Chapman, 61 Tex. 576; Minor v. Hall (Tex. Civ. App.) 225 S. W. 784, and authorities there cited. In certiorari proceedings the jurisdiction of the district court is further limited, by the express terms of the statute, to the grounds of error specified in the application for the writ. The amended petition seeks to probate the will after correcting same. This relief was not sought in the county court at all. The amended petition sets up grounds of error not contained in the petition in the county court, and not contained in the application.

Also as above shown, neither of the interveners were parties at all in the county court; neither was any one under whom they claim a party. The grounds of relief alleged by them were not in issue in the county court at all, nor were they specified in the application for the writ; but are put in issue for the first time in the district court by pleadings in intervention. This is not permitted under the plain terms of the statute.

A correct judgment has been entered by the Court of Civil Appeals, and we recommend that it be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.