**SIMMONS et al. v. GARDNER et al.**

**No. 13982.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 10, 1939.

Rehearing Denied Dec. 22, 1939.

John S. Morris, of Fort Worth, for appellants.

G. L. Robertson and Samuels, Foster, Brown & McGee, all of Fort Worth, for appellees.

SPEER, Justice.

This appeal grows out of the refusal by the District Court of Tarrant County to probate a will brought before it on application for a writ of certiorari to the Probate Court of that county.

In April, 1935, Gertrude S. Wilson died testate and left surviving her two daughters, Mrs. Emma G. Simmons and Mrs. Helen Gardner, and their respective minor children.

On November 22, 1935, Emma G. Simmons, joined by her husband, individually and as next friend for her minor children, Carolee Simmons, Helen Simmons, Mary Jane Simmons and June Simmons, filed in the Probate Court of Tarrant County, Texas, an application to probate the will and a codicil thereto of Gertrude S. Wilson, deceased. To that application a copy of the proposed will and codicil were attached. By the exhibit attached to the application, the will, as originally executed, made certain provisions which affect the amount devised to each beneficiary. Subsequent to its execution, testatrix had made certain changes in the will, by drawing a pencil line through some words and interlining other words and figures.

We shall illustrate as best we can what was done in the respect mentioned. The original instrument provided that the trustees should receive the revenues from the estate and divide same into eleven parts; four-elevenths should go to Helen Gardner, two-elevenths to Emma G. Simmons and the remaining five-elevenths were devised in equal parts to the five grandchildren, four of whom were the children of Emma G. Simmons, and one was a child of Helen Gardner. The pencil changes consisted, (1) of marking out the word "eleven", wherein it was provided for a division of the income into that many parts, and "10 parts" was interlined; (2) where originally the will provided that "four-elevenths" should be enjoyed by Helen Gardner, she wrote in pencil, "two and one-half tenths" should so be enjoyed by that beneficiary; (3) the original instrument provided that "two-elevenths" of the income should be enjoyed by Emma G. Simmons, but above the quoted part she wrote in pencil, "two and one-half tenths," should go to Emma. The bequests to Emma and Helen (her own daughters) were limited to life estates; and (4) where the original will had provided that "five-elevenths" of said income should go to the grandchildren, she interlined with pencil "five-tenths". Other provisions relating to contingencies of death among the beneficiaries are found in the will, but they are unimportant on this appeal.

The application filed in the probate court sought to probate the will, not as originally written and executed, but as modified and changed by the pencil marks referred to, and to probate the expressions found in the pencil changes as a codicil to the original will. To have granted the relief thus sought would have changed materially the bequests as originally made.

Helen Gardner, joined by her husband, contested the application for probate as presented. Upon a hearing, on May 8, 1936, when all interested parties were before the court, the application for probate was denied. No appeal was taken to the District Court.

On August 8, 1938, Carolee Simmons, Helen Simmons, Mary Jane Simmons and June Simmons, the minor children of Em-

ma G. Simmons, acting through next friend, W. R. Simmons, made Helen Gardner and husband, Emma G. Simmons and husband, and Charles Hodges (the minor son of Helen Gardner), defendants, in an application to the District Court of Tarrant County, Texas, for the writ of certiorari to the Probate Court of that county. In the application, allegations were made of the death and last will of Gertrude S. Wilson. The application also contains allegations of the pencil markings on the will, which we have heretofore shown, but it is alleged that such markings and interlineations were not made by testatrix at a time nor under conditions that would constitute a revocation or alteration of the will, as originally executed by her. A copy of the will is attached to the application, but does not disclose the interlineations. That the denial of probate by the County Court was error and that the writ should issue, and upon hearing the District Court should revise and correct the order of the County Court, denying probate, and admit said will, as originally executed by testatrix, to probate (disregarding all said pencil markings and interlineations).

The minor, Charles Hodges, appeared by his guardian ad litem and adopted the pleadings of applicants for the writ. Defendants, Helen Gardner and husband, resisted the application for certiorari and again contested the probate of the will, as prayed for by applicants.

The writ was issued and a hearing had to the court. Judgment was entered, denying the relief sought, upon the grounds, as stated in the decree, the court was without jurisdiction to order the will, as presented, probated as the last will of Gertrude S. Wilson, deceased, and dismissed the case. From this judgment, applicants for the writ have appealed.

The facts are undisputed; the court, upon request, filed findings of fact and conclusions of law, which are accepted by all parties, as reflecting the facts, but only the conclusions of law by the court that he was without jurisdiction in the matter, are contested. We think the issues were properly disposed of by the judgment entered.

The court found the facts, in regard to the original application for probate, to be as indicated by us in the statement made as to the nature of the case. He found that the pencil lines and interlineations had been made in the original document, as indicated; but that such apparent changes did not affect the validity of the instrument for testamentary purposes, if an attempt had been made in the Probate Court to have it probated, as was done in the District Court. It was found by the court that the will, as originally executed (disregarding the interlineations), was presented for the first time for probate to the District Court, whereas it should have been first proposed to the Probate Court of Tarrant County, Texas.

The apparent defacement of the instrument, by the means mentioned, did not constitute a revocation of the will. It did not in any respect meet the statutory requirements which provide how a revocation may be made. Article 8285, R.C.S.; Kennedy v. Upshaw, 64 Tex. 411; Frame v. Whitaker, Tex.Civ.App., 7 S.W.2d 140, reversed on other ground, 120 Tex. 53, 36 S.W.2d 149; Leatherwood v. Stephens, Tex.Com.App., 24 S.W.2d 819; Sien v. Beitel, Tex.Civ.App., 289 S.W. 1057.

By virtue of Constitution Article 5, Section 16, Vernon's Ann.St., our County Courts have original jurisdiction in matters of probating wills. As we have shown, no effort was made to have the will of Mrs. Wilson probated in county court, as originally written and executed by her. The District Court was asked to issue the writ of certiorari and to review and revise the judgment of the county court, wherein the probate court had refused to probate the proposed altered will and to give it effect as altered, and in which the court had refused to consider the interlineations as constituting a codicil; the District Court was asked to order probated the original will, which would be to disregard those things sought to be considered in the probate court. The district court has only appellate jurisdiction in probate matters and can only review on appeal those matters that were heard and passed upon by the county court in the exercise of its original jurisdiction. Magee v. Magee, Tex.Civ.App., 272 S.W. 252, writ dismissed.

The jurisdiction of the district court in such cases as this is acquired under Articles 932 to 939, R.C.S. In the nature of things, while the trial on appeal is de novo; yet only the issues that were before the county court can be heard and determined by the district court on appeal.

Leatherwood v. Stephens, Tex.Com.App., 24 S.W.2d 819; Franks v. Chapman, 61 Tex. 576; Minor v. Hall, Tex.Civ.App., 225 S.W. 784, writ dismissed. Many authorities are cited in the last mentioned case, to which we also refer.

The trial court indicated in his judgment that if the application that was made in that court had been made first in the probate court, he could see no reason why it should not have been granted. This, too, is obvious to us, but we hold as did the trial court, that it was without jurisdiction to order the will probated, when presented·to that court for the first time.

We hold that the judgment entered was a proper one under all the undisputed facts, and it should be affirmed. It is so ordered.