

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 21, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-466

Re: Proper distribution
for inheritance tax
purposes of the estate
of Lena Dishart Cohen
under submitted facts.

Dear Mr. Calvert:

We quote the following excerpt from your letter requesting the opinion of this office on the above captioned matter.

"We desire the opinion of your office with respect to the proper distribution for inheritance tax purposes of the Estate of Lena Dishart Cohen, who died testate a resident of El Paso County, Texas.

"The decedent executed a typewritten will dated December 1, 1956. Subsequently, on December 16, 1957, the testatrix altered the will in her own handwriting. Please advise this Department what effect this alteration had on the terms and conditions of the original typewritten will dated December 1, 1956."

This typewritten will was properly executed by the testatrix and signed by subscribing witnesses in due form. The pertinent portion of the will is contained in the second paragraph and reads as follows:

"I give, devise and bequeath to each of my sons, ANDREW H. COHEN and SYDNEY H. COHEN, an equal life interest in and to the property at 2329-2331 East Yandell Boulevard, El Paso, Texas, together with the various houses located thereon. In the event of the death of either of my sons, I direct that the entire

-2221-

> interest in and to said property
> shall vest in my surviving son, (and
> upon the death of said surviving son,
> I give, devise and bequeath said
>                              granddaughter,
> property to my beloved/ANNE REZNIKOV,
> absolutely and in fee simple.)"
> (the word "granddaughter" was thus
>  inserted in the original will which
>  was double spaced.)

The testatrix drew a line through the last portion of this paragraph thus eliminating "and upon the death of said surviving son, I give, devise and bequeath said property to my beloved granddaughter, ANNE REZNIKOV, absolutely and in fee simple." In the margin of this will the decedent wrote in her own handwriting the following statement:

> "I, Lena D. Cohen made the change as
> crossed out        16 Dec 1957    LDC"

This statement is followed by an arrow pointing to the portion of the will through which lines had been drawn.

Section 63 of the Probate Code provides as follows:

> "No will in writing, and no clause
> thereof or devise therein, shall be
> revoked, except by a subsequent will,
> codicil, or declaration in writing,
> executed with like formalities, or
> by the testator destroying or cancel-
> ing the same, or causing it to be done
> in his presence."

The above quoted provision has been held to be mandatory, clear and explicit. It is also exclusive in application, and revocation cannot be accomplished in other ways than those prescribed. 61 Tex.Jur.2d 203, Wills, Sec. 90.

In Leatherwood v. Stephens, 24 S.W.2d 819 (Tex.Comm. App., 1930), the court stated that it was in full agreement with the dissenting opinion filed in the Court of Civil Appeals by Justice Stanford to the effect that the names of beneficiaries contained in a will at the time it was executed could not be changed or revoked except in the manner provided by statute. At page 823, the court said:

> ". . .If the obliteration were
> made after the will was executed
> by the testatrix or any one else,
> such act was futile and amounted
> to nothing. . . ."

In <u>Pullen v. Russ</u>, 209 S.W.2d 630, (Tex.Civ.App., error ref. n.r.e., 1948) the court held that changes made by a testator in a properly executed will were ineffective and that the will must be probated as originally written because such changes were not made with the formalities required in making a will.

Since it is thus well settled that a testator may revoke his will as an entirety by cancellation or obliteration, mere alteration of the terms of a duly executed will by additions, erasures or other modifications is of no effect. For further authorities see those cited in 61 Tex. Jur.2d 204, Wills, Sec. 91 and 12 Baylor L.R. 194.

You are therefore advised that the property passing under this provision of the will should be distributed for inheritance taxes in accordance with the will as originally drawn and executed.

### S U M M A R Y

> Testatrix could not effectuate
> cancellation of a provision in
> a duly executed will by merely
> drawing a line through said
> provision and noting in the
> margin in her own handwriting
> that she had made such change.
> Therefore property passing under
> the will must be distributed for
> inheritance tax purposes in
> accordance with the provisions
> of the will as originally executed.

Very truly yours,

WAGGONER CARR
Attorney General

By *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant

MMcGP:dl

-2223-

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Terry Reed Goodman
Wade Anderson
Gordon Zuber
Larry Craddock

APPROVED FOR THE ATTORNEY GENERAL
By:   T. B. Wright

Honorable Robert S. Calvert, Page 4          Opinion No. C-466