Lizabeth SCOTT, Appellant,

v.

Sarah Dugger SCHWARTZ, Appellee.

No. 14934.

Court of Civil Appeals of Texas, San Antonio.

May 5, 1971.

Rehearing Denied July 21, 1971.

Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, W. Pat Camp, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a will contest concerning the validity of a purported codicil to the last will and testament of William L. Dugger, Jr. Under date of August 21, 1964, William L. Dugger, Jr. signed a printed and typewritten instrument wherein he devised all of his property to his sister, Sarah Dugger Schwartz. This will was duly attested by two witnesses in accordance with the requirements of the Texas Probate Code. On August 9, 1968, approximately one year before his death, the decedent took a conformed copy of such typewritten will, and in his own handwriting, noted on the copy and in the margin thereof opposite Article II[1] (the bequeathing clause) the words, "Witnessed this change August 9th 1968 at San Antonio, Texas;" added to the bequeathing clause the words, "and Lizabeth Scott my finance;" struck out the typewritten words "to her" and interlined in lieu thereof the words, "in equal shares." He also signed on such copy in his own handwriting his initials, "W. L. D., Jr." Such writing also contains the signature of one witness, "M. C. Yates." If one adds the handwritten words to the typewritten parts thereof, such clause would read as follows: "I give, will, devise and bequeath to my sister, SARAH DUGGER SCHWARTZ, and Lizabeth Scott my fin-ancee all the property of every description that I own at the time of my death, leaving the same in equal shares absolutely and in fee simple."

On September 5, 1969, the Probate Court of Bexar County, Texas, admitted the formal attested typewritten will to probate, subject to a later determination by the court of the validity of the codicil amending it. On December 15, 1969, the Probate Court entered its order wherein the will of August 21, 1964, theretofore admitted to probate "is modified, altered and amended and republished by the codicil dated August 9, 1968, so as to add to Article II thereof following the words 'Sarah Dugger Schwartz' the words, 'and Lizabeth Scott my finance' and by striking out the words, 'to her' in said Article II and inserting in lieu thereof the words, 'in equal shares.' "

On appeal to the District Court, the District Court, without the intervention of a jury, held that such codicil was not a valid holographic codicil and denied the probate thereof. The trial court filed findings of fact and conclusions of law in which it found, among other things, that the will of William L. Dugger, Jr. dated August 21, 1964, was executed with the formalities and solemnities required by law and is entitled to probate; that the handwritten words of William L. Dugger, Jr. contained on the conformed copy of his will are not self-contained and are meaningless by themselves; and that the purported codicil of William L. Dugger, Jr. dated August 9, 1968, does not comply with Sections 59, 60 and 63 of the Texas Probate Code, and probate thereof should be denied.

By one point of error appellant asserts that the trial court erred in refusing probate to the codicil of William L. Dugger, Jr., dated August 9, 1968, written wholly in Dugger's handwriting and executed by him in compliance with Sections 60 and 63 of

1. Article II: "I give, will, devise and bequeath to my sister, SARAH DUGGER SCHWARTZ, all the property of every description that I own at the time of my death, leaving the same to her absolutely and in fee simple."

the Texas Probate Code, and declaring his intention to change his existing will and devise one-half of his estate to his fiancee.

Section 59 of the Texas Probate Code provides that every will, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen who shall subscribe their names thereto in their own handwriting in the presence of the testator. Section 60 provides that where the will is written wholly in the handwriting of the testator, the attestation of the subscribing witnesses may be dispensed with. Section 63 provides that no will in writing, and no clause thereof or devise therein shall be revoked, except by a subsequent will, codicil, or declaration in writing executed with like formalities.

Appellant advances the contention that the codicil offered for probate consists only of the handwritten words written on the face of the typewritten copy of the original will, and that the printed portions of such copy form no part of the codicil, and are only to be considered for the purpose of showing the place or position where such handwritten words alter or change the original will. We have found no case in which such a codicil has been admitted to probate.

It is clear that the entire instrument dated August 9, 1968, could not be probated, either as an original will or as a codicil to such will, it being partly in handwriting and partly typewritten, and not attested as required by law. Sections 59, 60 and 63, Texas Probate Code; Adams v. Maris, 213 S.W. 622 (Tex.Com.App.1919);[2] Gunn v.

Phillips, 410 S.W.2d 202 (Tex.Civ.App.—Houston 1967, writ ref'd n. r. e.); Dean v. Dickey, 225 S.W.2d 999 (Tex.Civ.App.—El Paso 1949, writ ref'd); Pullen v. Russ, 209 S.W.2d 630 (Tex.Civ.App.—Amarillo 1948, writ ref'd n. r. e.); Taylor v. Dinsmore, 114 S.W.2d 269, 273 (Tex.Civ.App.—Dallas 1938, writ ref'd); 61 Tex.Jur.2d, Wills, Sections 58, 59, 90 and 105; 94 C.J.S. Wills § 205. It is equally clear that the handwritten words alone, without reference to the typewritten portions, could not be admitted to probate either as a will or as a codicil. There is not a single word of dispositive nature in the handwritten words, and such words when considered alone are not self-contained and are fragmentary, incomplete and meaningless by themselves. Burton v. Bell, 380 S.W.2d 561 (Tex.1964); Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885 (1960); Poole v. Starke, 324 S.W.2d 234 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.). Likewise, if the decedent had taken his original executed will of August 24, 1964, and interlined the handwritten words on his original will instead of placing them on the copy of such will, such act would have been ineffective and have no force and effect. Simmons v. Gardner, 134 S.W.2d 338 [Tex.Civ.App.—Fort Worth 1939, reversed on other grounds, 135 Tex. 408, 144 S.W.2d 538 (Tex.Com.App.1940)]; Leatherwood v. Stephens, 24 S.W.2d 819 (Tex.Com.App.1930); Pullen v. Russ, supra; 94 C.J.S. Wills, § 197; 61 Tex.Jur.2d, Wills, Section 91; 34 A.L.R.2d Anno: Wills—Interlineations and Changes, pp. 619, 666.

Both parties rely on Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731 (1955).[3] In

---

2. " * * * in Adams v. Maris, Tex.Com.App., 213 S.W. 622, the court while affirming the doctrine of incorporation by reference, determined that a promissory note found in the envelope, which note was on a printed form with the blanks completed in the handwriting of the testator, was not incorporated in the handwritten instrument but in * * * the opinion, said: 'The statutes relating to wills require that a written will be attested by two witnesses unless wholly written by the testator. Manifestly, then, if the note referred to is considered a part of the letter of the deceased, the papers admitted to probate must fail as a will, not being attested, and the note being written partly in script and partly in the handwriting of the deceased.'"

3. See discussion of Hinson case in 10 Texas Practice (Bailey), Wills, Section 392.

*Hinson* the decedent on April 20, 1951, signed a printed and typewritten will, making various specific devises, naming executors, and otherwise in proper form, except that such instrument had only a notary's signature and seal thereon, with no other attestation. Thereafter the decedent wrote in his own handwriting and signed the following on a sheet of hotel stationery:

> " 'Aug. 24, 1951
>
> " 'Supplementary to my Last Will, it still stands as is.
>
> " 'To my wife Ethel Mae Hinson.
> my will is in brief case zipper comp. Copy to wife. Copy to my son J. W. Hinson Jr. Everything is yours Darling. Pay the Home off. Sell my car. Have will probated at once. Go to Judge Ewing Boyd, tell him who you are. He will give you all legal advice needed. He is my friend. Sell all of my guns & things you do not need. Sell the Home if you like. But buy another one where you wish to live. Take care of everything I leave you will need it all.
>
> " 'I love you Darling so much more than my own life. Bye. J. W. Hinson.' "

The Supreme Court held that the two instruments involved could not be admitted to probate and in doing so, stated:

> "This is not a case in which the extrinsic document is referred to simply for the purpose of identifying the beneficiaries of the will or the property devised thereby, or of ascertaining the intention of the testator in some collateral matter, or of resolving an ambiguity resulting from the language used in the will. The typewritten paper of April 20th is the operative testamentary instrument; without it no part of the decedent's scheme or plan for the disposition of his property can be ascertained. We must look to that document to determine the very substance of his testamentary wishes, including the property devised, the identity of the beneficiaries, the estates devised to each, the powers

of the life tenant, and the names of the executors. Even if such instrument is regarded as having been incorporated in or republished by the later handwritten memorandum and the two documents are considered together, we are still confronted with the fact that the instrument offered for probate is not wholly in the handwriting of the decedent and is not attested as required by statute. It is our conclusion, therefore, that under the clear provisions of our statute the two instruments involved in this case cannot be admitted to probate."

Unless resort is made to the typewritten portions of the instrument dated August 9, 1968, the handwritten portions thereof are incomplete and meaningless. When such resort is made, such codicil is partly in handwriting and partly typewritten; and we are confronted with the fact that the instrument offered for probate is not wholly in the handwriting of decedent and is not attested as required by law. The trial court correctly refused probate of such purported codicil.

The judgment of the trial court is affirmed.