**Robert M. DEAN, Independent Executor of the Estate of Horace C. Dean, Deceased, Appellant,**

v.

**Oralia "Lala" GARCIA, Appellee.**

**Oralia "Lala" GARCIA, Appellant,**

v.

**Robert M. DEAN, Independent Executor of the Estate of Horace C. Dean, Deceased, Appellee.**

Nos. 3–89–006–CV, 3–89–045–CV.

Court of Appeals of Texas, Austin.

Nov. 22, 1989.

Rehearing Overruled Dec. 13, 1989.

Ordered Published by Supreme Court April 4, 1990.

Walker Arenson, Arenson, Spears & Whittenton, Austin, for appellant.

Vincent J. Scanio, Jr., Scanio, Scanio & Breeden, San Marcos, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

PER CURIAM.

This is a contest to the probate of a codicil to a will. In this consolidated appeal, appellant, Robert M. Dean (independent executor of the estate of Horace C. Dean, deceased), brings three points of error complaining that the trial court erred in admitting to probate the first codicil to will of Horace C. Dean. Appellee, Oralia "Lala" Garcia, offered the first codicil for probate, and on appeal, complains only that the trial court erred in denying her attorney's fees under the Texas Uniform Declaratory Judgment Act. Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (1986). We will reverse the portion of the order admitting the codicil to probate and affirm the portion of the order regarding attorney's fees.

BACKGROUND

On March 31, 1988, Testator executed both his will and first codicil to will. The will gave a substantial portion of his estate in trust to his daughter and the remainder to family members and friends. The codicil added a specific bequest to appellee of 500 shares of R.J. Reynolds common stock, and republished the will. During July 1988, Testator called his attorney wanting to cancel or revoke the codicil to his will. The attorney suggested that Testator, in his own handwriting, write on the original document what he wanted done, but did not give Testator any exact language to use. Testator told his attorney that he was going to get the codicil from his safety deposit box, revoke it, and send it to the attorney to be put into his files. Shortly after this conversation, on or about July 22, 1988, the attorney received the codicil in the mail. Testator had written across the dispositive provision "CANCILED" [sic] and "VOID" followed by his signature and the date "7/21/88."

At the bottom of the codicil, in Testator's handwriting, was written:

This cancils [sic] the First Codicil to my Will. This is the original document.

/s/ Horace C. Dean
July 21, 1988

Testator died on July 29, 1988. On August 3, 1988, appellant filed his application to probate the will and for issuance of letters testamentary. On August 15, 1988, appellee filed her application to probate the first codicil and to enter declaratory judgment. Appellant answered alleging revocation and cancellation of the codicil and, subsequently, filed his motion for summary judgment. The trial court denied appellant's motion for summary judgment, finding that a fact issue existed whether the first codicil had been either revoked or cancelled. At trial, the court admitted the first codicil to probate with the will, finding that Testator's handwritten language upon the codicil was insufficient to revoke or cancel the document. Appellee's request for attorney's fees under § 37.009, *supra,* was denied.

REVOCATION OF THE CODICIL

Appellant's first point of error claims the trial court erred in admitting the codicil to probate because the evidence established as a matter of law that testator revoked or cancelled the instrument.

■ Texas Prob.Code Ann. § 88(b)(3) (1980) requires the proponent of any testamentary document to prove that the decedent did not revoke the document. A decedent must also have testamentary intent and capacity to revoke a prior testamentary instrument. *Brackenridge v. Roberts,* 114 Tex. 418, 267 S.W. 244, 247 (1924). Texas Prob.Code Ann. § 63 (1980), which governs revocation, provides:

No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or cancelling the same, or causing it to be done in his presence.

In regard to the preceding provisions, the parties stipulated that Testator was competent to make a will; that he properly executed the first codicil on March 31, 1988; that he intended to revoke or cancel the codicil; and that the revocation or cancellation language on the codicil was in Testator's handwriting and was signed and dated by him. The trial court considered the interpretation of Testator's writing to be a question of fact and determined that Testator's writing across the codicil's dispositive portion was ineffective to cancel the gift and that the language at the bottom of the codicil was insufficient to revoke the instrument.

This Court concludes that, because Testator's testamentary capacity and intent to revoke were undisputed, the only remaining issue was the legal question whether the writing upon the codicil was effective to revoke the codicil. We hold that it was.

The Testator wrote upon the codicil in two places. First, he wrote "CANCILED" [sic] and "VOID" across the codicil's gift provision which gave appellee the shares of stock. Appellant contends, and we agree, that this was sufficient to cancel the gift.

> Defacing or marking through *all* the dispositive provisions would seem clearly to be sufficient, and writing the word 'cancelled', 'void', or 'annulled' through the dispositive provisions or through the signature would apparently suffice.

10 E. Bailey, Texas Laws of Wills § 512, at 258 (Texas Practice 1968) (emphasis in original); *see* T. Atkinson, Wills § 86, at 439 (2d ed.1953); 2 Page, Law of Wills § 21.9, at 362 (Bowe–Parker revision 1960). We conclude that, as a matter of law, the Testator sufficiently cancelled, on July 21, 1988, the previously executed first codicil to will in accord with § 63 of the Probate Code.

The second portion in the Testator's handwriting reads, "This cancils [sic] the first codicil to my will. This is the original document." The statement is signed and dated "July 21, 1988." Appellant contends that this language meets the requirements of Probate Code § 63 as a "declaration in writing executed with like formalities."

Conversely, appellee asserts that the Testator did not intend this language to be the operative language but merely a reference to preceding language and that Testator did not have the requisite testamentary intent when he wrote these words at the bottom of the codicil.

Because we conclude that the words of cancellation across the dispositive portion of the codicil sufficiently revoke the codicil, it is unnecessary to find that the above-quoted language also effects a revocation. This language is not inconsistent with our conclusion and comports with the Testator's testamentary intent, to which the parties stipulated.

Appellee argues additionally that revocation of the codicil effectively would cancel the portion of the codicil that republished the will and leave the Testator intestate, a status not favored in the law. *See Leatherwood v. Stephens,* 24 S.W.2d 819, 823 (Tex.1930) (testator cannot effect a partial revocation by striking out parts of an instrument). The codicil, as executed, included language that republished Testator's will. Neither the circumstances of this case, the presumption against a construction of intestacy, nor the sources relied upon support appellee's contention. A codicil will not effectuate a revocation of a will or a part thereof except by express language. *See Baker v. Wright,* 157 S.W.2d 470, 471 (Tex.Civ.App.1941, writ ref'd); *Logue v. Scrivener,* 355 S.W.2d 87, 89 (Tex.Civ.App.1962, writ ref'd n.r.e.).

> The revocation of a codicil is not a revocation of the will nor of prior codicils, if they are executed on separate sheets of paper. Since the act is not manifest on the will, the fact that testator intended to revoke both will and codicil by an act manifest on the codicil only does not make it operate as a revocation of the will.

2 Page, Law of Wills § 21.18, at 374 (Bowe–Parker revision 1960).

The testimony and the will itself clearly show that the Testator intended to cancel only the codicil. Testator executed the will and codicil on separate sheets of paper. Nothing in the record or in the revocation

language written on the codicil can be construed as an intent to revoke the entire will. Additionally, we note that appellee supports the admission of the will to probate. Accordingly, we sustain appellant's first point of error. Because we sustain this point, we need not address appellant's remaining two points of error or appellee's cross-point.

In cause number 3–89–006–CV, that portion of the trial court's order admitting the first codicil to will to probate is reversed and judgment rendered that the codicil not be admitted to probate. In cause number 3–89–045–CV, the portion of the trial court's order denying appellee attorney's fees is affirmed. The order, in all other respects, is affirmed.