**Reversed and Remanded; Opinion Filed July 2, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-01420-CV**

## IN RE ESTATE OF JAMES MATTESON

On Appeal from the Probate Court No. 3
Dallas County, Texas
Trial Court Cause No. PR 12-00927-3

## MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

This is an appeal from the denial of an application to probate a will. Summer Casey filed an application for probate of the will of her grandfather, James Matteson. After a hearing where the subscribing witnesses testified, the probate court denied the application. Casey appeals. In a single issue, she contends the probate court erred in denying probate because the will was duly attested in its entirety by witnesses and valid. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the probate court's order and remand for further proceedings.

In 2008, Matteson signed a typed will attested by two witnesses, who also signed a self-proving affidavit.

On July 30, 2011, Matteson asked three different witnesses to witness his will. In the presence of those witnesses, he took the 2008 will and hand wrote and initialed several changes to it. The changes included striking out his daughters' names as devisees and naming Casey as his sole devisee and independent executor. After Matteson made the changes, the three witnesses each signed the document. We refer to the modified document as the 2011 document.

After Matteson's death, Casey applied to have the 2011 document admitted to probate. No objection or response was filed. At the hearing, the three subscribing witnesses to the 2011 document testified in person or by deposition. The witnesses testified that Matteson told them he was making changes to his written will. He asked them to sign as witnesses to his changed will, including both the typed and handwritten portions, and they did so in his presence after he had made the changes and initialed them. After the hearing, the trial court denied the application for probate.

Casey argues on appeal that Matteson signed the 2011 document by initialing the changes with intent to approve the document as his will. She also argues the 2011 document is a valid will because the entire document, both the typed and handwritten portions, were attested to by three witnesses.

Except as otherwise provided by law, a will must be (1) in writing, (2) signed by the testator, and (3) attested by two or more credible witnesses above the age of fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator. TEX. PROB. CODE ANN. § 59(a). If the will is wholly in the testator's handwriting, attestation by witnesses is not required. *Id.* § 60.

The 2011 document was not entirely in the testator's handwriting. Thus, to be a valid will, it was required to be in writing, signed by the testator, and attested by two or more credible

witnesses in the presence of the testator. *See id.* § 59(a). The 2011 document is in writing, thus we discuss the remaining requirements.

Courts are lenient concerning the location and form of a signature. *See Luker v. Youngmeyer*, 36 S.W.3d 628, 630 (Tex. App.—Tyler 2000, no pet.) (citing cases). The facts and circumstances surrounding the instrument's execution may be considered in determining whether the maker intended a testamentary disposition of his property. *Id.* A signature may be informal and its location of secondary importance as long as the maker intended his or her name or mark to constitute a signature expressing approval of the instrument as the maker's will. *Id.* Thus, a signature by initials is sufficient to execute a will if it is testamentary in character. *See Trim v. Daniels*, 862 S.W.2d 8, 10 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (holding writing on back of a greeting card initialed by decedent was valid holographic will); *Barnes v. Horne*, 233 S.W. 859, 860 (Tex. Civ. App.—Austin 1921, no writ) (handwritten letter concluding, "Your brother, Ed," was sufficiently signed as to constitute a will).

Although he initialed each of the handwritten changes, Matteson did not sign his full name to the 2011 document again on July 30, 2011. However, if done with the requisite intent, a signature by initials is sufficient to satisfy the signature requirement. *See Trim*, 862 S.W.2d at 10. The witnesses testified that Matteson asked them to witness the changes he was making to his will and that he made the changes and initialed them. The witnesses testified the typed will with Matteson's changes was his last will and testament.

We now consider whether the 2011 document was attested. Changes to a will made by the testator after the will has been executed and witnessed are not effective unless the changes are made with the formalities required for the making of a will. *See* TEX. PROB. CODE ANN. § 63 (will may not be revoked except by a later will or codicil executed with like formalities); *Pullen*

–3–

*v. Russ*, 209 S.W.2d 630, 636 (Tex. Civ. App.—Amarillo 1948, writ ref'd n.r.e.) (handwritten changes or interlineations to original will by testator are ineffective "*unless such changes were made with the formalities required in the making of a will*" (emphasis added)); *see also In re Estate of Flores*, 76 S.W.3d 624, 631 (Tex. App.—Corpus Christi 2002, no pet.); *Goode v. Estate of Hoover*, 828 S.W.2d 558, 559–60 (Tex. App.—El Paso 1992, writ denied).

For example, in a case somewhat similar to this one, the testator took a conformed copy of his earlier attested will and, in his own handwriting, added a new devisee to the bequeathing clause and signed the copy with his initials. *See Scott v. Schwartz*, 469 S.W.2d 587, 588 (Tex. Civ. App.—San Antonio 1971, writ ref'd n.r.e.). The writing also contained the signature of one witness. *Id.* The appellate court in *Scott* affirmed the district court's refusal to admit the document to probate, stating: "It is clear that the entire instrument . . . could not be probated, either as an original will or as a codicil to such will, it being partly in handwriting and partly typewritten, and *not attested as required by law*." *Id.* at 589 (emphasis added).

Although similar to this case, the facts in *Scott* differ in one crucial respect: here, the 2011 document was witnessed by three witnesses, not one as in *Scott*. Section 59 requires that a will be attested by *two or more* credible witnesses. TEX. PROB. CODE ANN. § 59(a). A will that is not wholly in the handwriting of the testator must be attested by two or more "credible witnesses." *Id.*; *Triestman v. Kilgore*, 838 S.W.2d 547, 547 (Tex. 1992) (per curiam).[1] Thus, unlike *Scott*, we are presented with a will or codicil, partly in handwriting and partly typed, but that *was* attested as required by law.

---

[1] A credible or competent witness is one who receives no pecuniary benefit under the will. *Triestman*, 838 S.W.3d at 547. The will itself constitutes some evidence that the witnesses were credible to attest the will at the time it was executed. *Id.* The 2011 document provides no pecuniary benefit to any of the subscribing witnesses.

We conclude the 2011 document was executed with the formalities, solemnities, and under the circumstances required by law to make a valid will.  We sustain Casey's issue.

The order denying probate is reversed and this case is remanded for further proceedings.


/Jim Moseley/
JIM MOSELEY
JUSTICE


121420F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE ESTATE OF JAMES MATTESON

No. 05-12-01420-CV

On Appeal from the Probate Court No. 3, Dallas County, Texas
Trial Court Cause No. PR 12-00927-3.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

In accordance with this Court's opinion of this date, the trial court's order denying probate is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant Summer Casey bear her own costs this appeal.

Judgment entered this 2nd day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE