W.L. "Boots" GOODE, Independent Executor of the Estate of Vera Spencer Hoover, Deceased, Appellant,

v.

The ESTATE OF Ivan Earl HOOVER, Deceased, Appellee.

No. 08–91–00320–CV.

Court of Appeals of Texas,
El Paso.

April 8, 1992.

Rehearing Overruled May 6, 1992.

Robert D. Stiles, Turpin, Smith, Dyer, Saxe & MacDonald, Midland, for appellant.

Allan Hawkins, Leslie G. McLaughlin, Midland, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

OPINION

OSBORN, Chief Justice.

The issue presented to the Court in this case is whether the substitution of the single page of a will, which provided entirely for the disposition of the deceased's estate, constituted a revocation of the will so that the deceased died intestate. We conclude that a will may not be revoked by one page being substituted for a page of the original will, and that under the facts in this case, the original will was entitled to be admitted to probate. The order admitting the original will to probate is affirmed.

Ivan Hoover, a bachelor for many years, married Vera Spencer in 1980. Vera had an adopted daughter, Betty Hurley. In 1982, Ivan hired an attorney to prepare a will for him. On February 2, 1982, the will was executed in the office of the attorney. It was a self-proving will, the first page of which provided entirely for his estate. This will, after providing for payment of his debts, left 25 percent of the testator's estate to his wife, Vera Spencer Hoover. The remainder of his estate was left in equal shares to whichever of his four named sisters that should survive him. A bank was named independent executor. Page two of the will contained the signatures of the testator and three witnesses, and part of that page and page three contained the self-proving provisions and signatures of the testator and witnesses. The attorney retained an unexecuted copy of the will, and Mr. Hoover took the original will.

In answer to an inquiry as to whether Mr. and Mrs. Hoover had wills, Ivan told W.L. Goode, a nephew of Mrs. Hoover, that

he did have a will and handed him an envelope with a will inside. At that time, the terms of the will were not discussed and no one looked at the will. As Mr. Goode and his wife drove home, she read the will to him. The first page of this will left his entire estate to his wife, Vera, and if she should predecease Ivan, then to her daughter, Betty.

Ivan died in 1988 when he was 80 years old. His sister, Goldie Hoover Colborn, filed an application to admit to probate a copy of the February 2, 1982 will. Vera filed an opposition to the application for probate and sought letters of administration upon Ivan's estate. The parties entered into a written stipulation that an attached exhibit was a true and correct copy of the first page of the will prepared by the attorney and executed on February 2, 1982. Also attached was a true and correct copy of the executed pages two and three of the 1982 will. The bank filed a waiver of its right to serve as executor.

Both the applicant for probate and the contestant filed motions for summary judgment. The court, finding that the will of February 2, 1982 was properly executed and never revoked, granted the sister's motion for summary judgment, denied the widow's motion for summary judgment and ordered that the will offered be admitted to probate. Vera died a month later and now her executor as Appellant, by a single point of error, contends the will was destroyed by the testator with the intention of revoking it and that he died intestate.

There is no question about the validity of the will as of the time it was executed on February 2, 1982. There is no evidence as to when or by whom the first page of the will was changed prior to Ivan handing the envelope to Mr. Goode. Ivan did not examine the will that was in the envelope at that time and never saw the will that was in the envelope after that time. The sisters would naturally conclude that either Vera or her daughter made the changes since the new page was favorable to them and not the sisters. Originally Vera, and now her executor, would urge that the change of the will resulted in its revocation, and

having died intestate, his widow would be his surviving heir.

The Texas Probate Code Section 63 provides:

No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence.

The sister who offered the original will for probate had the burden of proof to establish that the will offered was not revoked by the testator. Tex.Prob.Code Ann. § 88(b)(3) (Vernon 1980); *Huckaby v. Huckaby*, 436 S.W.2d 601 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.). A will can only be revoked in a manner prescribed by statute. *Morris v. Morris*, 642 S.W.2d 448 (Tex.1982). Since only the testator could change, amend or revoke his will, we begin by assuming that he changed the first page of the will which he executed in his attorney's office. Did that legally alter or revoke the will as executed? Certainly, there was no subsequent will, codicil or declaration in writing executed with like formalities as the original will.

The question is then limited to whether the change of the first page resulted from the testator destroying or canceling the will. In *Leatherwood v. Stephens*, 13 S.W.2d 726 (Tex.Civ.App.—Waco 1929), aff'd, 24 S.W.2d 819 (Tex.Comm'n App. 1930), the Court had to consider whether names which were blotted out on a will resulted in the will being revoked. The Court said these changes were futile and amounted to nothing whether made by the testator or someone else. Again, in *Pullen v. Russ*, 209 S.W.2d 630 (Tex.Civ.App.—Amarillo 1948, writ ref'd n.r.e.), a will was offered for probate that had both erasures and interlineations to reflect changes made on at least two separate occasions by the testator to change the beneficiaries. In holding that the will should have been admitted to probate as originally written, the Court said:

It is the law in this state that changes in the original will properly executed by the

testator are ineffective, and that the will must be probated as originally written unless such changes were made with the formalities required in the making of a will. A will cannot be changed or revoked except in a manner provided by law. If the names of the legatees were obliterated by Mr. Russ, or someone under his direction, after the will was executed, such acts are futile.

209 S.W.2d at 636.

 We conclude that a testator cannot remove some parts of a valid will by obliterations. In this case, an attempt was made by someone to change all of the dispositive clauses in the will while leaving the execution and self-proving provisions intact. If in fact the testator did make the substitution of one page of the will for the original first page, he never intended to revoke his will and die intestate because clearly the execution pages remained intact and fully operative on any disposition clauses that were valid. The changes which were made by the substitution of another page were not ones made in accordance with the statute which permits revocation of the original will which was executed in the attorney's office.

The original will was valid. The changes, by whomever made, were not valid. Based upon the parties' stipulation, we conclude that the original will was entitled to probate, and the trial court correctly granted the summary judgment and properly ordered that will admitted to probate. Point of Error No. One is overruled.

The order of the trial court is affirmed.