

## Fourth Court of Appeals
### San Antonio, Texas

# MEMORANDUM OPINION

No. 04-25-00148-CV

**IN THE MATTER OF THE ESTATE OF** Van L. **CRAPPS**, Deceased

From the County Court at Law, Medina County, Texas
Trial Court No. 9498
Honorable Mark Cashion, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:    Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: June 17, 2026

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED

Following a jury trial, appellant, Van Kevin Christiansen, appeals the trial court's judgment probating a 26-page document signed on February 5, 2019, as the last will and testament of Van L. "Slim" Crapps. Because we conclude that the evidence was legally insufficient to support the jury's findings, we reverse the judgment in part and remand for further proceedings.

## BACKGROUND[1]

In 2019, Van L. "Slim" Crapps intended to make alterations to the disposition of his property and change his existing will, which was previously executed on January 14, 2015. On

---

[1] The trial record we received in this case was prepared by a court recorder in accordance with the Texas Rules of Appellate Procedure. Unlike a typical stenographic recording, which consists of the court reporter's transcription of the proceedings at issue, this record consists of the audio recordings, along with a written log of the proceedings which

February 5, 2019, Slim and his wife, Lucielle Crapps, went to a title office where Slim executed a new will. During the process of creating this new will, Slim physically destroyed his 2015 will.

Sometime after executing the 2019 will, Slim again wished to alter his will. Instead of executing a new will as before, Slim simply removed and destroyed the last three pages of his 2019 will. This was done only in Lucielle's presence, and, according to Lucielle, Slim orally declared that the remaining 26 pages were his last will and testament.

On March 31, 2021, Slim passed away. Due to a pending contract needing to be closed, Lucielle and Hunter Schuehle, Slim's attorney and business partner, filed an application to probate Slim's will on April 1, 2021. Attached to their application was a document consisting of 26 pages of Slim's 2019 will, rather than the entire 29-page 2019 will.

On April 12, 2021, the trial court admitted the 26-page document to probate. On May 3, 2021, Slim's only son, Christiansen, contested the will, alleged that the will was invalid since pages were missing and because Slim was unduly influenced into signing the 2019 will. Because the will had already been admitted to probate, Christiansen sought a new trial and requested the trial court set aside its order probating the will offered by Lucielle and Hunter. On August 8, 2021, the trial court denied Christiansen's requests, leaving the previously admitted will in place.

On November 11, 2024, a three-day jury trial was held on Christiansen's will contest. The trial concluded with the jury finding that (1) Slim did not alter his 2019 will prior to signing it and (2) the 26-page document offered by Lucielle and Hunter as Slim's last will and testament was

---

shows: (1) the name of each person speaking, (2) the event being recorded, such as direct or cross-examination, and (3) the time of day each event occurred. *See* TEX. R. APP. P. 13.2, 34.6. And although the log is helpful in navigating the record to certain events, such as what witness is testifying, or when an exhibit is admitted into evidence, it lacks word searchability and does not include a convenient timestamp within the recording associated with a particular event (only the time of day, which does not match up cleanly with the audio recording). While this court appreciates the value of providing litigants a cost-effective alternative to stenographic recordings in certain scenarios, we question the suitability of a court recorder's record in an appeal—such as this one—where a sufficiency challenge is raised, necessitating our review of a three-day jury trial.

signed by Slim in person, with the intent to dispose of his property at death, and attested to by two or more credible persons.

On December 10, 2024, Christiansen filed a motion for new trial arguing that no reasonable jury could make the findings the jury did based on the evidence presented. The trial court denied Christiansen's motion and signed a final judgment on January 28, 2025. This appeal followed.

## DISCUSSION

Christiansen contends that the evidence was legally insufficient to support the jury's finding that (1) Slim altered his 2019 will prior to its execution and (2) that the 26-page document offered as Slim's final will and testament was properly executed. We agree.

### 1. Standard of Review

When—as here—a will contest is filed after a will is admitted for probate, the contestant carries the burden to show that the will is invalid. *In re Estate of Lynch*, 350 S.W.3d 130, 136 (Tex. App.—San Antonio 2011, pet. denied). Consequently, when an appellant challenges the legal sufficiency of an adverse finding for which they carried the burden of proof at trial, they "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Under these "matter of law" challenges, we must "first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary." *Id.* Only if there is no evidence supporting the finding will we examine the entire record to determine "if the contrary proposition is established as a matter of law." *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

### 2. The Evidence Is Legally Insufficient to Support the Jury's Finding

Question 1 asked the jury: "Were the alterations to the document dated February 5, 2019 made after Van L. "Slim" Crapps signed it?" The jury answered "No." That finding cannot stand because there was no evidence presented at trial supporting it. To the contrary, the evidence

- 3 -

conclusively established the opposite—that Slim altered the February 5, 2019 will after its execution. Because the record contains no evidence supporting the jury's negative answer, and because the evidence instead establishes post-execution alteration as a matter of law, the evidence supporting the jury's finding to Question 1 is legally insufficient.

At trial, Lucielle testified that Slim sought to make changes to his 2015 will in 2019. Specifically, Slim wanted to move an exhibit from the middle to the end of the will. Additionally, he wished to change the amounts of certain bequests and remove Sheldon Grothaus entirely from his will. However, unlike his 2015 will, Slim did not seek the assistance of an attorney to prepare this new will; instead, he instructed Lucielle to prepare it by retyping his 2015 will and tailoring its language to reflect his desired changes. According to Lucielle, Slim's new will consisted of 29 pages total. Page 27 of Slim's will, appearing immediately after the self-proving affidavit, was a list of suggested recipients of Slim's "furniture, household goods, jewelry and personal effects" for the executor, whereas page 28 was labeled "Exhibit A" and contained ten separate bequests of "cash or cash equivalent in assets" and one bequest of "highway motor vehicles." Lucielle also confirmed that the will Slim executed on February 5, 2019, contained all 29 pages that she prepared. Lucielle repeatedly testified that Slim removed and destroyed Exhibit A of the 2019 will after the date of its execution.[2]

Notably, the section of the will relating to "SPECIFIC BEQUESTS" begins by instructing Slim's "TRUSTEE" to "SATISFY THE FOLLOWING SPECIFIC BEQUESTS: AS PER EXHIBIT A ATTACHED HERETO." Additionally, the language of the will preceding Slim's signature states the following:

---

[2] Notably, on August 16, 2021, Lucielle and Hunter filed a Supplemental Application for Probate of Written Will Admitted to Probate to Prove Contents of Exhibit to Will Not Produced at Time Will Was Admitted for Probate, seeking to supply these missing three pages of Slim's will. However, they later withdrew the supplemental application.

IN TESTIMONY WHEREOF, I hereunto sign my name to this, my Last Will and Testament, consisting of [handwritten: twenty-nine (29)] typewritten paged (including the pages containing the attestation clauses and the self-proving affidavit), each of which pages I am initialing or signing for the purpose of identification, all in the presence of the undersigned, who witness the same at my request, on this [handwritten: 5] day of [handwritten: February], 2019.

The individuals who witnessed Slim's will also established that it was 29 pages in length. One witness testified that Slim executed a will consisting of 29 pages. Another witness could not recall the execution ceremony whatsoever, but stated on cross-examination that she would not have witnessed the will if "everything above" her signature "was not true," which includes the language that Slim's "Last Will and Testament, consist[ed] of [handwritten: twenty-nine (29)] typewritten pages." The individual who notarized Slim's will, testified that she handwrote the "twenty-nine (29)" page count in the will and that the document was 29-pages long on the date of its execution.

In sum, there was no evidence establishing that Slim removed and destroyed the last three pages of his 2019 will prior to its execution on February 5, 2019. We therefore hold that Christiansen established—as a matter of law—that Slim altered his 2019 will by removing and destroying the last three pages after its date of execution. Consequently, the evidence is legally insufficient to support the jury's finding on Question 1.

Similarly, we agree with Christiansen that the evidence was legally insufficient to support the jury's answer of "No" to Question 2:

D[id] the twenty-six (26) page document offered by Lucielle Crapps and Hunter Schuehle as the last will and testament of Van L. "Slim" Crapps fail to meet any one or more of the following requirements?
    1. The document was signed by Van L. "Slim" Crapps in person; or
    2. The document was attested by two or more credible persons who were at least fourteen years of age and who signed their names to the document in their own handwriting in the decedent's presence; or
    3. Van L. "Slim" Crapps signed the document with the intent to dispose of his property at death.

It has long been the law of this state that a "will must be probated as originally written unless" it is altered or revoked with the same "formalities as required in the making of a will." *Pullen v. Russ*, 209 S.W.2d 630, 636 (Tex. App.—Amarillo 1948, writ ref'd n.r.e.). This is codified by Section 253.002 of the Texas Estates Code, which mandates that a written will—or any individual clause or devise within it—cannot be revoked or altered except by a subsequent will, codicil, or written declaration "executed with like formalities," or by physical destruction.

Consequently, Slim's alteration to the 2019 will—which occurred after its date of execution—was required to be "executed with like formalities" as a will, codicil, or written declaration. TEX. EST. CODE § 253.002; *see also Goode v. Estate of Hoover*, 828 S.W.2d 558, 560 (Tex. App.—El Paso 1992, writ denied) (finding that a testator's removal of "some parts of a valid will by obliteration[]" was not effective since the alteration was not made in accordance with the will revocation statute); *In re Estate of Flores*, 76 S.W.3d 624, 631 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (holding that "changes made by a testator after the will has been signed and witnessed are of no effect . . . unless the changes were made with the formalities required for the making of a will"); *In re Estate of Matteson*, No. 05-12-01420-CV, 2013 WL 3355385, at *2 (Tex. App.—Dallas July 2, 2013, no pet.) (mem. op.) (same).

During trial, Lucielle explained that the 26 pages she and Hunter offered for probate were the original portions of Slim's 2019, except the final three pages he tore up. Her reason for probating the 26-page document was based on Slim's declaration that—after destroying the last three pages of his 2019 will—the remaining 26 pages constituted his will. However, Lucielle explicitly testified that this alteration was not witnessed by two competent witnesses. Additionally, no evidence was presented that Slim re-signed the 26-page document.

Because the record is devoid of evidence demonstrating that the altered 26-page will was re-executed with like formalities as a will, codicil, or declaration in writing, this altered document could not be admitted to probate as a matter of law. *Id.* Thus, we find the evidence legally insufficient to support the jury's finding that the 26-page document offered by Lucielle and Hunter was signed by Slim in person, with the intent to dispose of his property at death, and attested by two or more credible persons.[3]

Accordingly, we sustain Christiansen's first and second issues.[4]

## CONCLUSION

Concluding that the evidence was legally insufficient to support the jury's finding on Questions 1 and 2, we reverse the trial court's judgment as to these issues and remand for further proceedings consistent with this opinion. We affirm the judgment in all other respects.

Velia J. Meza, Justice

---

[3] Lucielle and Hunter argue that the testimony provided by Charles Granstaff, an estate planning lawyer, established that the last three pages of Slim's 2019 will "were not part of the will." However, Granstaff's testimony was not that the last three pages were not part of Slim's 2019 will, but only that a precatory exhibit was not part of the *2015 will.* And although Lucielle testified that the missing three pages were not a part of Slim's will, this testimony is incompetent and is legally insufficient to support the judgment. *City of Keller v. Wilson*, 168 S.W.3d 802, 812 (Tex. 2005); *see also Jones v. Jones*, 649 S.W.3d 577, 588 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (defining a "credible witness," as used in the Texas Estates Code, as "one who is competent to testify," with competency turning on whether the witness receives no pecuniary benefit under the terms of the will).

[4] Because we have found that the evidence was legally insufficient to support the jury's verdict, we need not address Christiansen's factual sufficiency challenges nor his third issue relating to the admission of evidence. *See* TEX. R. APP. P. 47.1.